## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC, | |
| *Plaintiff,* | Case No.  2:23-cv-00382 |
| v. | |
| CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS. | **JURY TRIAL DEMANDED** |
| *Defendant.* | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Cobblestone Wireless, LLC ("Cobblestone") files this complaint against Defendant Cellco Partnership d/b/a Verizon Wireless ("Defendant" or "Verizon") alleging infringement of U.S. Patent No. 7,924,802 (the "'802 patent") (the "Patent-in-Suit" or "Asserted Patent").

### Plaintiff Cobblestone and the Patents-in-Suit

1.     Plaintiff Cobblestone Wireless, LLC is a limited liability company organized under the laws of the State of Texas, with an address at 101 E. Park Blvd., Suite 600, Plano, Texas 75074.

2.     On information and belief, Cellco Partnership d/b/a Verizon Wireless is a partnership organized and existing under the laws of the State of Delaware, with a principal place of business at One Verizon Way, Basking Ridge, New Jersey 07920. Verizon Wireless has as its registered agent for service: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## Jurisdiction and Venue

3.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.     This Court has personal jurisdiction over Verizon in this action because Verizon has committed acts of infringement within this District giving rise to this action, has a regular and established place of business in this District, and has established minimum contacts with this forum such that the exercise of jurisdiction over Verizon would not offend traditional notions of fair play and substantial justice. Verizon, directly and/or through subsidiaries or intermediaries, conducts its business extensively throughout Texas, by shipping, distributing, offering for sale, selling, and advertising its products and/or services in the State of Texas and the Eastern District of Texas, regularly does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals in the State of Texas, and commits acts of infringement of Plaintiff's patents in this District by, among other things, making, using, importing, offering to sell, and selling products and/or services that infringe the asserted patents, including without limitation the tablets and phones accused of infringement in this case and cellular services offered by Verizon on its network.

5.     Verizon, directly and/or through subsidiaries or intermediaries, has purposefully and voluntarily placed one or more products and/or services in the stream of commerce that practice the Asserted Patents with the intention and expectation that they will be purchased and used by consumers in the Eastern District of Texas. These products and/or services have been and continue to be purchased and used in the Eastern District of Texas.

6.      Venue as to Verizon is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Verizon resides in this District and/or has committed acts of infringement and has a regular and established place of business in this District.

7.      For example, Defendant has regular and established places of business in the Eastern District of Texas, including at 1111 E Grand Ave., Marshall, TX 75670; 500 E Loop 281, Longview, TX 75605; 2400 S Jefferson Ave., Mount Pleasant, TX 75455; 1006 East End Boulevard N., Suite A, Marshall, Texas 75670; 741 N Central Expressway, Plano, Texas 75075; 2330 Preston Road, Suite 500, Frisco, Texas 75034; 3220 East Hebron Parkway, Suite 114, Carrollton, Texas 75010; 5020 State Highway 121, The Colony, Texas 75056; and 204 Central Expressway S, Suite 40, Allen, Texas 75013.

8.      For example, Verizon also owns, leases, maintains and/or operates cellular base stations in this District that provide 5G data services to Verizon customers in this District, including numerous cell tower locations in Tyler, Texas and Longview, Texas.

9.      For example, Verizon offers 5G data coverage to customers in this District. Furthermore, according to its website, Verizon also offers and /or provides 4G and 5G services and equipment to customers in this District.

**Count 1 – Claim for infringement of the '802 patent.**

10.      Cobblestone incorporates by reference each of the allegations in paragraphs 1–9 above and further alleges as follows:

11.      Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 7,924,802 (the "'802 Patent"), entitled "Wireless Communication Systems and Methods." The '802 Patent was duly and legally issued by the United States Patent and Trademark Office on April 12, 2011. A true and correct copy of the '802 Patent is attached as Exhibit 1.

12.     On information and belief, Verizon makes, uses, offers for sale, sells, and/or imports cer-

tain products and services ("Accused Instrumentalities"), including cellular base stations, mobile

products, and services that support 3GPP carrier aggregation, including without limitation Apple

mobile products, that directly infringe, literally and/or under the doctrine of equivalents, at least

Claim 1 of the '802 Patent.

13.     Verizon also knowingly and intentionally induces infringement of at least Claim 1 of

the '802 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this

Complaint, Verizon has had knowledge of the '802 Patent and the infringing nature of the Accused

Instrumentalities. Despite this knowledge of the '802 Patent, Verizon continues to actively encour-

age and instruct its customers and end users (for example, through user manuals and online in-

struction materials on its website) to use the Accused Instrumentalities in ways that directly

infringe the '802 Patent. Verizon does so knowing and intending that its customers and end users

will commit these infringing acts. Verizon also continues to make, use, offer for sale, sell, and/or

import the Accused Instrumentalities, despite its knowledge of the '802 Patent, thereby specifically

intending for and inducing its customers to infringe the '802 Patent through the customers' normal

and customary use of the Accused Instrumentalities.

14.     Verizon has also infringed, and continue to infringe, at least Claim 1 of the '802 Patent by

selling, offering for sale, or importing into the United States, the Accused Instrumentalities, know-

ing that the Accused Instrumentalities constitute a material part of the inventions claimed in the

'802 Patent, are especially made or adapted to infringe the '802 Patent, and are not staple articles

or commodities of commerce suitable for non-infringing use. Verizon has been, and currently is,

contributorily infringing the '802 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

15.     The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '802 Patent. A claim chart comparing independent claim 1 of the '802 Patent to representative Accused Instrumentalities is attached as Exhibit 2.

16.     By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Verizon has injured Plaintiff and are liable for infringement of the '802 Patent pursuant to 35 U.S.C. § 271.

17.     As a result of Verizon's infringement of the '802 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Verizon's infringement, but in no event less than a reasonable royalty for the use made of the invention by Verizon, together with interest and costs as fixed by the Court.

## Jury Trial Demanded

18.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Cobblestone requests a trial by jury of any issues so triable by right.

## Prayer for Relief

Plaintiff Cobblestone respectfully requests the following relief from this Court:

A.      A judgment in favor of Cobblestone that Defendant has infringed, either literally and/or under the doctrine of equivalents, the '802 patent, and that the '802 patent is valid, enforceable, and patent-eligible;

B.      A judgment and order requiring Defendant to pay Cobblestone compensatory damages, costs, expenses, and pre-judgment and post-judgment interest for their infringement of the asserted patents, as provided under 35 U.S.C. § 284;

C.      Any and all injunctive and/or equitable relief to which Cobblestone may be entitled including, but not limited to, ongoing royalties with respect to Defendant's infringement of the '802 patent;

D.      A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Cobblestone, including, without limitation, pre-judgment and post-judgment interest;

E.      A judgment and order finding that this case is exceptional under 35 U.S.C. § 285, and an award of Cobblestone's reasonable attorney's fees and costs; and

F.      Any and all other relief to which Cobblestone may be entitled.


Dated:  August 25, 2023                          Respectfully submitted,

                                                 */s/ Reza Mirzaie*
                                                 Reza Mirzaie
                                                 CA State Bar No. 246953
                                                 Marc A. Fenster
                                                 CA State Bar No. 181067
                                                 Neil A. Rubin
                                                 CA State Bar No. 250761
                                                 Christian W. Conkle
                                                 CA State Bar No. 306374
                                                 Amy E. Hayden
                                                 CA State Bar No. 287026
                                                 Jonathan Ma
                                                 CA State Bar No. 312773
                                                 Jacob R. Buczko
                                                 CA State Bar No. 269408
                                                 Peter Tong
                                                 TX State Bar No. 24119042
                                                 Matthew D. Aichele
                                                 VA State Bar No. 77821
                                                 RUSS AUGUST & KABAT
                                                 12424 Wilshire Boulevard, 12th Floor
                                                 Los Angeles, CA  90025
                                                 Telephone: 310-826-7474
                                                 Email: rmirzaie@raklaw.com

Email: mfenster@raklaw.com
Email: nrubin@raklaw.com
Email: cconkle@raklaw.com
Email: ahayden@raklaw.com
Email: jma@raklaw.com
Email: jbuczko@raklaw.com
Email: ptong@raklaw.com
Email: maichele@raklaw.com

**ATTORNEYS FOR PLAINTIFF,
COBBLESTONE WIRELESS, LLC**