**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC, | § Case No. 2:23-cv-00382 |
| *Plaintiff*, | § (Lead Case) |
| | § |
| v. | § **JURY TRIAL DEMANDED** |
| | § |
| CELLCO PARTNERSHIP d/b/a VERISON WIRELESS | § |
| *Defendant* | § |
| | § |
| COBBLESTONE WIRELESS, LLC, | § Case No. 2:23-cv-00380-JRG-RSP |
| *Plaintiff*, | § (Member Case) |
| | § |
| v. | § **JURY TRIAL DEMANDED** |
| | § |
| AT&T SERVICES INC.; et al. | § |
| *Defendants*. | § |
| | § Case No. 2:23-cv-00381-JRG-RSP |
| | § (Member Case) |
| COBBLESTONE WIRELESS LLC | § **JURY TRIAL DEMANDED** |
| *Plaintiff*, | § |
| T-MOBILE USA, INC. | |

**AT&T'S ANSWER**

Defendants AT&T Services, Inc., AT&T Mobility LLC, and AT&T Corp. (collectively, "AT&T" or "Defendants") file this Answer and Defenses to the Complaint for Patent Infringement ("Complaint") filed by Cobblestone Wireless, LLC ("Cobblestone" or "Plaintiff") (Dkt. 1). Except as hereinafter specifically admitted, qualified, or affirmatively alleged, AT&T denies each and every allegation, matter, or thing contained in the Complaint. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions,

characterizations, or implications that might follow from the admitted facts.

## PLAINTIFF COBBLESTONE AND THE PATENTS IN SUIT[1]

1.      AT&T is without knowledge or information sufficient to admit or deny the allegations of paragraph 1 and therefore denies them.

2.      AT&T admits that AT&T Services, Inc. is organized and existing under the laws of the State of Delaware with its principal place of business at 208 South Akard Street, Dallas, Texas 75202. AT&T does not dispute that AT&T Services, Inc. may be served for the limited purpose of this action only through CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3.      AT&T admits that AT&T Mobility LLC is organized and existing under the laws of the State of Delaware, with its principal place of business at 1025 Lenox Park Boulevard NE, Atlanta, Georgia 30319. AT&T does not dispute that AT&T Mobility LLC may be served for the limited purpose of this action only through The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

4.      AT&T admits that AT&T Corp. is organized and existing under the laws of the State of New York with a principal place of business at One AT&T Way, Bedminster, New Jersey, 07921-0752. AT&T does not dispute that AT&T Corp. may be served for the limited purpose of this action only through CT Corporation System, located at 28 Liberty Street, New York, New York 10005.

---

[1] Headings and subheadings are copied from the Complaint for ease of reference only. These headings and subheadings do not require any response and do not constitute an admission or denial of any purported fact or allegation. To the extent a response is required to any allegation in the Complaint's headings or subheadings, AT&T denies those allegations.

## JURISDICTION AND VENUE

5.      AT&T admits that the Complaint purports to bring an action under Title 35 of the United States Code but denies that AT&T has committed any act of infringement of the Asserted Patent. AT&T does not dispute that this Court has subject matter jurisdiction but denies that Cobblestone is entitled to any relief. Except as expressly admitted, AT&T denies any remaining allegations of paragraph 5.

6.      AT&T is unable to respond to this paragraph as it contains allegations regarding numerous entities without specifying the entity to which it refers. On that basis, AT&T denies this paragraph.

7.      AT&T is unable to respond to this paragraph as it contains allegations regarding numerous entities without specifying the entity to which it refers. On that basis, AT&T denies this paragraph.

8.      AT&T is unable to respond to this paragraph as it contains allegations regarding numerous entities without specifying the entity to which it refers. On that basis, AT&T denies this paragraph.

9.      AT&T admits that the cited link, https://www.att.com/maps/wireless-coverage.html,  includes a purported wireless network coverage map including parts of the State of Texas. Except as expressly admitted, AT&T denies any remaining allegations of paragraph 9.

10.     AT&T admits that the cited link, https://investors.att.com/~/media/Files/A/ATT-IR-V2/financial-reports/quarterly-earnings/2022/1Q22/ATT_1Q22_8K.pdf, states that "[a]t March 31, 2022, wireless subscribers totaled 196.6 million". Except as expressly admitted, AT&T denies any remaining allegations of paragraph 10.

11.     AT&T is unable to respond to this paragraph as it contains allegations regarding numerous entities without specifying the entity to which it refers. On that basis, AT&T denies this

paragraph.

## COUNT 1 – CLAIM FOR ALLEGED INFRINGEMENT OF THE '802 PATENT

12.     AT&T repeats its responses to paragraphs 1-11 as if fully stated herein.

13.     AT&T admits that Exhibit 1 to the Complaint purports to be U.S. Patent No. 7,924,802 (the "'802 Patent"), entitled "Wireless Communication Systems and Methods" and indicates on its face that it issued on April 12, 2011. AT&T is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 13 and therefore denies them.

14.     Denied.

15.     Denied.

16.     Denied.

17.     AT&T admits that Exhibit 2 to the Complaint purports to be a claim chart. Except as expressly admitted, denied.

18.     Denied.

19.     Denied.

## ANSWER TO JURY TRIAL DEMAND

20.     AT&T admits that the Complaint sets forth a demand for a jury trial.

## AT&T DENIES COBBLESTONE IS ENTITLED TO ITS PRAYER FOR RELIEF

AT&T denies the allegations contained in Cobblestone's Prayer for Relief and AT&T further denies that Cobblestone is entitled to any relief whatsoever, including any relief sought in paragraphs A through F of its Prayer for Relief. Cobblestone's Prayer for Relief should, therefore, be denied in its entirety and with prejudice, and Cobblestone should take nothing.

## JURY TRIAL DEMAND

AT&T respectfully requests a trial by jury of all issues so triable, pursuant to Rule 38 of the

Federal Rules of Civil Procedure.

## AT&T'S DEFENSES

Upon information and belief, and subject to its responses above, AT&T alleges and asserts the following defenses in response to the allegations of the Complaint, without admitting or acknowledging that AT&T bears the burden of proof as to any of them or that any must be pleaded as defenses. Regardless of how such defenses are listed herein, AT&T undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law. AT&T expressly reserves the right to amend or raise additional defenses pursuant to any docket control order as additional information becomes available through further investigation and discovery.

## FIRST DEFENSE
### (Non-Infringement of the '802 Patent)

AT&T does not infringe and has not infringed the '802 Patent directly, indirectly, literally, or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any valid and enforceable claim of the '802 Patent.

## SECOND DEFENSE
### (Invalidity of the '802 Patent)

The claims of the '802 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

## THIRD DEFENSE
### (Statutory Limit on Damages)

Cobblestone's claim for damages, equitable relief, and/or costs is statutorily limited by 35 U.S.C. §§ 252, 286, 287, and/or 288.

## FOURTH DEFENSE

**(No Willful Infringement)**

Cobblestone is not entitled to enhanced or increased damages for willful infringement because AT&T has not engaged in any conduct that meets the applicable standard for willful infringement.

**FIFTH DEFENSE**
**(No Exceptional Case)**

Cobblestone cannot prove that this is an exceptional case justifying award of attorney's fees against AT&T pursuant to 35 U.S.C. § 285.

**SIXTH DEFENSE**
**(Waiver, Equitable Estoppel, Acquiescence, Unclean Hands)**

Cobblestone's claims are barred, in whole or in part, or its remedies limited, by the doctrines of waiver, implied waiver, equitable estoppel, acquiescence, and/or unclean hands.

**SEVENTH DEFENSE**
**(Prosecution History Estoppel)**

Cobblestone's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admission, omissions, representations, disclaimers, and/or disavowals made by the applicants for the '802 Patent.

**EIGHTH DEFENSE**
**(Statutory Limitation)**

To the extent certain products accused of infringing the Patent-in-Suit are used by and/or manufactured for the United States Government and/or the public good, Cobblestone's claims involving AT&T may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

## NINTH DEFENSE
### (License, Implied License, Exhaustion)

Cobblestone's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to AT&T by any entity or entities having express or implied licenses or covenant not to sue or assert the Patent-in-Suit and/or (ii) under the doctrine of patent exhaustion. Additionally, Cobblestone's claims for patent infringement are precluded in whole or in part by any direct licenses or agreements/covenants not to sue that pertain to AT&T.

## TENTH DEFENSE
### (No Injunctive Relief)

Cobblestone's claims for relief are barred in whole or in part because Cobblestone is not entitled to injunctive relief. Any alleged injury to Cobblestone is not immediate or irreparable and Cobblestone has an adequate remedy at law.

## ELEVENTH DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

## TWELFTH DEFENSE
### (Standing/Ownership)

To the extent that Cobblestone was not the sole and total owner of all substantial rights in any of the Asserted Patent as of the filing date of the Complaint, Cobblestone is without standing to bring one or more claims in this lawsuit.

## AT&T MOBILITY'S COUNTERCLAIMS

Without admitting any of the allegations of the Complaint other than those expressly admitted herein, and without prejudice to the right to plead any additional counterclaims as the facts of the matter warrant, pursuant to Rule 13 of the Federal Rules of Civil Procedure, AT&T

Mobility LLC ("AT&T Mobility") asserts the following Counterclaims against Plaintiff Cobblestone Wireless, LLC ("Cobblestone"):

## THE PARTIES

1.      AT&T Mobility LLC is a limited liability company organized and existing under the laws of the state of Delaware, with a principal place of business at 1025 Lenox Park Boulevard NE, Atlanta, Georgia, 30319.

2.      Upon information and belief, and based on Cobblestone's allegations in its Complaint, Cobblestone Wireless, LLC is a Texas limited liability company with a principal place of business located at 101 E. Park Boulevard, Suite 600, Plano, Texas 75074.

## JURISDICTION AND VENUE

3.      These Counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 25 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, and 2201-02.

4.      This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

5.      This Court has personal jurisdiction over Cobblestone, as Cobblestone consented to personal jurisdiction by commencing this action for patent infringement in this judicial district.

6.      Cobblestone has consented to venue in this Court by bringing this action against AT&T Mobility, and thus venue for AT&T Mobility's counterclaims is proper in this district, although a different venue may be more convenient to hear the dispute.

7.      Cobblestone has filed suit in this Court against AT&T Mobility for alleged infringement of one or more claims of the Patent-in-Suit in this action. Accordingly, there is an actual, continuing, and justiciable controversy arising under the Patent Act, 35 U.S.C. §§ 1, et seq.

between Cobblestone, on the one hand, and AT&T Mobility, on the other, concerning the alleged infringement by AT&T Mobility of the Patent-in-Suit.

8.      AT&T Mobility denies that it directly or indirectly infringes any valid and enforceable claim of the Patent-in-Suit. In view of the foregoing, there exists an actual and justiciable controversy between the parties with respect to the alleged infringement of the Patent-in-Suit.

**FIRST COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,924,802**

9.      AT&T Mobility realleges Paragraphs 1-8 as though fully set forth herein.

10.     Cobblestone alleges that AT&T Mobility has infringed and continues to infringe at least claim 1 of the '802 Patent under 35 U.S.C. § 271(a).

11.     AT&T Mobility denies that it infringes any valid claim of the '802 Patent.

12.     AT&T Mobility does not make, use, sell, or offer to sell any product, system, platform, or service, that practices every element of any claim of the '802 Patent, including but not limited to claim 1, at least because AT&T Mobility does not make, use, sell, or offer to sell any product, system, platform, or service that perform, for example: (i) "a method of transmitting information in a wireless communication channel comprising:"; (ii) "transmitting first information across a first frequency range using a wireless transmitter, the first frequency range having a first center frequency, a first highest frequency, and a first lowest frequency; and"; (iii) "simultaneously transmitting second information across a second frequency range using the same wireless transmitter, the second frequency range having a second center frequency greater than the first center frequency, a second highest frequency, and a second lowest frequency."

13.     For these, and other reasons to be established through discovery, AT&T Mobility denies that it infringes any valid claim of the '802 Patent.

14.     There is an actual and justiciable controversy between Cobblestone and AT&T Mobility arising under the Patent Act, 35 U.S.C. §§ 1, et seq., concerning Cobblestone's allegations that AT&T Mobility infringes the '802 Patent.

15.     AT&T Mobility is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the '802 Patent.

16.     Absent a declaration that AT&T Mobility does not infringe the '802 Patent, Cobblestone will continue to wrongfully assert the '802 Patent against AT&T Mobility and thereby cause AT&T Mobility irreparable harm and injury.

## RESERVATIONS

AT&T reserves the right to supplement and/or amend its defenses as discovery proceeds in this case.

## REQUEST FOR RELIEF

Defendants respectfully requests that this Court enter judgment as follows:

a.  A judgment dismissing Cobblestone's Complaint against Defendants with prejudice;

b.  A judgment in favor of Defendants on all of their Defenses;

c.  A judgment in favor of AT&T Mobility on its Counterclaim;

d.  A judgment denying any relief whatsoever, including but not limited to injunctive relief, in favor of Cobblestone;

e.  A judgment that Defendants have not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the Patent-in-Suit;

f.  A judgment that this action is exceptional within the meaning of 35 U.S.C. § 285 and that Defendants are entitled to recover their reasonable attorney's fees upon prevailing

in this action;

g.  An award to Defendants of their fees and expenses of litigation, including but not limited to attorney's fees and costs;

h.  A judgment limiting or barring Cobblestone's ability to enforce the Patent-in-Suit in equity;

i.  Such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Defendants respectfully demands a trial by jury on all issues so triable in this action.

DATED:  November 3, 2023

Respectfully submitted,

Alston & Bird LLP

BY: */s/ David S. Frist*
  Theodore Stevenson (TX Bar No. 19196650)
  Adam B. Ahnhut (TX Bar No. 24106983)
   ted.stevenson@alston.com
   adam.ahnhut@alston.com
  ALSTON& BIRD LLP
  2200 Ross Avenue, Suite 2300
  Dallas, TX 75201
  Phone: (214) 922-3400
  Fax: (214) 922-3899

  Ross Barton (NC Bar No. 37179)
   ross.barton@alston.com
  ALSTON & BIRD LLP
  1120 South Tryon Street
  Suite 300
  Charlotte, NC 28203
  Telephone: (704) 444-1000
  Facsimile: (704) 444-1111

  John D. Haynes (GA Bar No. 340599)
  David S. Frist (GA Bar No. 205611)
  Emily Welch (GA Bar No. 606071)
  Michael C. Deane (GA Bar No. 497195)
  Sloane S. Kyrazis (GA Bar No. 878240)
   john.haynes@alston.com
   david.frist@alston.com
   emily.welch@alston.com
   michael.deane@alston.com
   sloane.kyrazis@alston.com
  ALSTON & BIRD LLP
  One Atlantic Center
  1201 West Peachtree Street
  Atlanta, GA 30309-3424
  Telephone: (404)-881-7000
  Facsimile: (404) 881-7777

  *Attorneys for Defendants AT&T Services, Inc.,*
  *AT&T Mobility LLC, and AT&T Corp.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 3rd day of November, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing upon Counsel of Record.

<u>/s/ *David S. Frist*</u>
David S. Frist (GA Bar No. 205611)
 david.frist@alston.com
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: (404)-881-7000
Facsimile: (404) 881-7777

*Counsel for Defendants AT&T Services, Inc.,*
*AT&T Mobility LLC, and AT&T Corp.*