UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERISON WIRELESS<br><br>    *Defendant* | Case No. 2:23-cv-00382<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| COBBLESTONE WIRELESS, LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>AT&T SERVICES INC.; et al.<br><br>    *Defendants*. | Case No. 2:23-cv-00380-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |
| COBBLESTONE WIRELESS LLC<br><br>    *Plaintiff,*<br><br>T-MOBILE USA, INC. | Case No. 2:23-cv-00381-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

## **T-MOBILE'S ANSWER**

Defendant T-Mobile USA, Inc. ("T-Mobile" or "Defendant") files this Answer and Defenses to the Complaint for Patent Infringement ("Complaint") filed by Cobblestone Wireless, LLC ("Cobblestone" or "Plaintiff") (Dkt. 1). Except as hereinafter specifically admitted, qualified, or affirmatively alleged, T-Mobile denies each and every allegation, matter, or thing contained in the Complaint. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, or implications that might follow from the admitted facts.

-1-

## PLAINTIFF COBBLESTONE AND THE PATENTS IN SUIT[1]

1. T-Mobile is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 1 and therefore denies them.

2. T-Mobile admits that T-Mobile USA, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 12920 SE 38th Street, Bellevue, Washington 98006. T-Mobile admits that T-Mobile USA, Inc. has a registered agent for service, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808. T-Mobile admits that T-Mobile USA, Inc. has been registered to do business in the state of Texas under Texas SOS file number 12958406.

## JURISDICTION AND VENUE

3. T-Mobile admits that the Complaint purports to bring an action under Title 35 of the United States Code but denies that T-Mobile has committed any act of infringement of the Asserted Patent. T-Mobile does not dispute that this Court has subject matter jurisdiction but denies that Cobblestone is entitled to any relief. Except as expressly admitted, denied.

4. T-Mobile does not contest that, for purposes of this action only, T-Mobile is subject to specific personal jurisdiction in this Court. Except as expressly admitted, T-Mobile denies the remaining allegations of paragraph 4.

5. Denied.

6. T-Mobile does not contest that, for purposes of this action only, venue is proper in this District, but denies that T-Mobile has committed acts of infringement of the Asserted Patent

---

[1] Headings and subheadings are copied from the Complaint for ease of reference only. These headings and subheadings do not require any response and do not constitute an admission or denial of any purported fact or allegation. To the extent a response is required to any allegation in the Complaint's headings or subheadings, T-Mobile denies those allegations.

in this Districts or in any other judicial district in the United States. T-Mobile denies any remaining allegations of this paragraph.

7. T-Mobile admits that T-Mobile USA, Inc. has retail stores in the Eastern District of Texas. T-Mobile denies the remaining allegations of this paragraph.

8. T-Mobile admits that T-Mobile USA, Inc. operates a wireless telecommunications network that provides services to customers within the Eastern District of Texas. T-Mobile is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph and therefore denies them.

9. T-Mobile admits that T-Mobile USA, Inc. operates a wireless telecommunications network which provides services to customers within the Eastern District of Texas. T-Mobile is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph and therefore denies them.

## COUNT 1 – CLAIM FOR ALLEGED INFRINGEMENT OF THE '802 PATENT

10. T-Mobile repeats its responses to paragraphs 1-9 as if fully stated herein.

11. T-Mobile admits that Exhibit 1 to the Complaint purports to be U.S. Patent No. 7,924,802 (the "'802 Patent"), entitled "Wireless Communication Systems and Methods" and indicates on its face that it issued on April 12, 2011. T-Mobile is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 11 and therefore denies them.

12. Denied.

13. Denied.

14. Denied.

15. T-Mobile admits that Exhibit 2 to the Complaint purports to be a claim chart. Except as expressly admitted, denied.

16. Denied.

17. Denied.

## ANSWER TO JURY TRIAL DEMAND

18. T-Mobile admits that the Complaint sets forth a demand for a jury trial.

## T-MOBILE DENIES COBBLESTONE IS ENTITLED TO ITS PRAYER FOR RELIEF

T-Mobile denies the allegations contained in Cobblestone's Prayer for Relief and T-Mobile further denies that Cobblestone is entitled to any relief whatsoever, including any relief sought in paragraphs A through F of its Prayer for Relief. Cobblestone's Prayer for Relief should, therefore, be denied in its entirety and with prejudice, and Cobblestone should take nothing.

## JURY TRIAL DEMAND

T-Mobile respectfully requests a trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## T-MOBILE'S DEFENSES

Upon information and belief, and subject to its responses above, T-Mobile alleges and asserts the following defenses in response to the allegations of the Complaint, without admitting or acknowledging that T-Mobile bears the burden of proof as to any of them or that any must be pleaded as defenses. Regardless of how such defenses are listed herein, T-Mobile undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law. T-Mobile expressly reserves the right to amend or raise additional defenses pursuant to any docket control order as additional information becomes available through further investigation and discovery.

## FIRST DEFENSE
### (Non-Infringement of the '802 Patent)

T-Mobile does not infringe and has not infringed the '802 Patent directly, indirectly,

literally, or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any valid and enforceable claim of the '802 Patent.

### SECOND DEFENSE
### (Invalidity of the '802 Patent)

The claims of the '802 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### THIRD DEFENSE
### (Statutory Limit on Damages)

Cobblestone's claim for damages, equitable relief, and/or costs is statutorily limited by 35 U.S.C. §§ 252, 286, 287, and/or 288.

### FOURTH DEFENSE
### (No Willful Infringement)

Cobblestone is not entitled to enhanced or increased damages for willful infringement because T-Mobile has not engaged in any conduct that meets the applicable standard for willful infringement.

### FIFTH DEFENSE
### (No Exceptional Case)

Cobblestone cannot prove that this is an exceptional case justifying award of attorney's fees against T-Mobile pursuant to 35 U.S.C. § 285.

### SIXTH DEFENSE
### (Waiver, Equitable Estoppel, Acquiescence, Unclean Hands)

Cobblestone's claims are barred, in whole or in part, or its remedies limited, by the doctrines of waiver, implied waiver, equitable estoppel, acquiescence, and/or unclean hands.

## SEVENTH DEFENSE
### (Prosecution History Estoppel)

Cobblestone's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admission, omissions, representations, disclaimers, and/or disavowals made by the applicants for the '802 Patent.

## EIGHTH DEFENSE
### (Statutory Limitation)

To the extent certain products accused of infringing the Patent-in-Suit are used by and/or manufactured for the United States Government and/or the public good, Cobblestone's claims involving T-Mobile may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

## NINTH DEFENSE
### (License, Implied License, Exhaustion)

Cobblestone's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to T-Mobile by any entity or entities having express or implied licenses or covenant not to sue or assert the Patent-in-Suit and/or (ii) under the doctrine of patent exhaustion. Additionally, Cobblestone's claims for patent infringement are precluded in whole or in part by any direct licenses or agreements/covenants not to sue that pertain to T-Mobile. Additionally, Cobblestone's claims for patent infringement are precluded in whole or in party by direct or implied licenses and/or covenants not to sue that pertain to Cobblestone or prior assignees affiliations with any defensive patent trust.

## TENTH DEFENSE
### (No Injunctive Relief)

Cobblestone's claims for relief are barred in whole or in part because Cobblestone is not entitled to injunctive relief. Any alleged injury to Cobblestone is not immediate or irreparable and Cobblestone has an adequate remedy at law.

### ELEVENTH DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

### TWELFTH DEFENSE
### (Standing/Ownership)

To the extent that Cobblestone was not the sole and total owner of all substantial rights in any of the Asserted Patent as of the filing date of the Complaint, Cobblestone is without standing to bring one or more claims in this lawsuit.

### T-MOBILE'S COUNTERCLAIMS

Without admitting any of the allegations of the Complaint other than those expressly admitted herein, and without prejudice to the right to plead any additional counterclaims as the facts of the matter warrant, pursuant to Rule 13 of the Federal Rules of Civil Procedure, T-Mobile Wireless ("T-Mobile") asserts the following Counterclaims against Plaintiff Cobblestone Wireless, LLC ("Cobblestone"):

### THE PARTIES

1.  T-Mobile is a Delaware partnership with its principal place of business at 12920 SE 38th Street, Bellevue, Washington 98006.

2.  Upon information and belief, and based on Cobblestone's allegations in its Complaint, Cobblestone Wireless, LLC is a Texas limited liability company with a principal place of business located at 101 E. Park Boulevard, Suite 600, Plano, Texas 75074

## JURISDICTION AND VENUE

3. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 25 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, and 2201-02.

4. This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

5. This Court has personal jurisdiction over Cobblestone, as Cobblestone consented to personal jurisdiction by commencing this action for patent infringement in this judicial district.

6. Cobblestone has consented to venue in this Court by bringing this action against T-Mobile, and thus venue for T-Mobile's counterclaims is proper in this district, although a different venue may be more convenient to hear the dispute.

7. Cobblestone has filed suit in this Court against T-Mobile for alleged infringement of one or more claims of the Patent-in-Suit in this action. Accordingly, there is an actual, continuing, and justiciable controversy arising under the Patent Act, 35 U.S.C. §§ 1, et seq. between Cobblestone, on the one hand, and T-Mobile, on the other, concerning the alleged infringement by T-Mobile of the Patent-in-Suit.

8. T-Mobile denies that it directly or indirectly infringes any valid and enforceable claim of the Patent-in-Suit. In view of the foregoing, there exists an actual and justiciable controversy between the parties with respect to the alleged infringement of the Patent-in-Suit.

## FIRST COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,924,802

9. T-Mobile realleges Paragraphs 1-8 as though fully set forth herein.

10. Cobblestone alleges that T-Mobile has infringed and continues to infringe at least claim 1 of the '802 Patent under 35 U.S.C. § 271(a).

11. T-Mobile denies that it infringes any valid claim of the '802 Patent.

12. T-Mobile does not make, use, sell, or offer to sell any product, system, platform, or service, that practices every element of any claim of the '802 Patent, including but not limited to claim 1, at least because T-Mobile does not make, use, sell, or offer to sell any product, system, platform, or service that perform, for example: (i) "a method of transmitting information in a wireless communication channel comprising:"; (ii) "transmitting first information across a first frequency range using a wireless transmitter, the first frequency range having a first center frequency, a first highest frequency, and a first lowest frequency; and"; (iii) "simultaneously transmitting second information across a second frequency range using the same wireless transmitter, the second frequency range having a second center frequency greater than the first center frequency, a second highest frequency, and a second lowest frequency."

13. For these, and other reasons to be established through discovery, T-Mobile denies that it infringes any valid claim of the '802 Patent.

14. There is an actual and justiciable controversy between Cobblestone and T-Mobile arising under the Patent Act, 35 U.S.C. §§ 1, et seq., concerning Cobblestone's allegations that T-Mobile infringes the '802 Patent.

15. T-Mobile is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the '802 Patent.

16. Absent a declaration that T-Mobile does not infringe the '802 Patent, Cobblestone will continue to wrongfully assert the '802 Patent against T-Mobile and thereby cause T-Mobile irreparable harm and injury.

## SECOND COUNTERCLAIM – DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,924,802

17. T-Mobile realleges Paragraphs 1-16 as though fully set forth herein.

18. T-Mobile asserts that claims of the '802 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 112.

19. Accordingly, there exists an actual and justiciable controversy as to whether the claims of the '802 Patent are valid.

20. T-Mobile requests a judicial determination and declaration that the claims of the '802 Patent are invalid.

## RESERVATIONS

T-Mobile reserves the right to supplement and/or amend its defenses as discovery proceeds in this case.

## REQUEST FOR RELIEF

Defendants respectfully requests that this Court enter judgment as follows:

a. A judgment dismissing Cobblestone's Complaint against Defendants with prejudice;

b. A judgment in favor of Defendants on all of its Defenses;

c. A judgement in favor of T-Mobile on all of its Counterclaims;

d. A judgment denying any relief whatsoever, including but not limited to injunctive relief, in favor of Cobblestone;

e. A judgment that Defendants have not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the Patent-in-Suit;

f. A judgment that this action is exceptional within the meaning of 35 U.S.C. § 285 and that Defendants are entitled to recover their reasonable attorney's fees upon prevailing

    in this action;

g. An award to Defendants of their fees and expenses of litigation, including but not limited to attorney's fees and costs;

h. A judgment limiting or barring Cobblestone's ability to enforce the Patent-in-Suit in equity;

i. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Defendants respectfully demands a trial by jury on all issues so triable in this action.

DATED:  November 3, 2023

          Respectfully submitted,

          Alston & Bird LLP

          BY: */s/ Ross Barton*
            Theodore Stevenson (TX Bar No. 19196650)
            Adam B. Ahnhut (TX Bar No. 24106983)
              ted.stevenson@alston.com
              adam.ahnhut@alston.com
            ALSTON& BIRD LLP
            2200 Ross Avenue, Suite 2300
            Dallas, TX 75201
            Phone: (214) 922-3400
            Fax: (214) 922-3899

            Ross Barton (NC Bar No. 37179)
              ross.barton@alston.com
            ALSTON & BIRD LLP
            1120 South Tryon Street
            Suite 300
            Charlotte, NC 28203
            Telephone: (704) 444-1000
            Facsimile: (704) 444-1111

            John D. Haynes (GA Bar No. 340599)
            David S. Frist (GA Bar No. 205611)
            Emily Welch (GA Bar No. 606071)
            Michael C. Deane (GA Bar No. 497195)
            Sloane S. Kyrazis (GA Bar No. 878240)
              john.haynes@alston.com
              david.frist@alston.com
              emily.welch@alston.com

michael.deane@alston.com
sloane.kyrazis@alston.com
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: (404)-881-7000
Facsimile: (404) 881-7777

Melissa Richards Smith
(TX Bar No. 24001351)
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670
903-934-8450
Fax: 903-934-9257
Email: melissa@gillamsmithlaw.com

*Counsel for T-Mobile USA, Inc.*

## CERTIFICATE OF SERVICE

 I hereby certify that on this 3rd day of November, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing upon Counsel of Record.

            /s/ *Ross Barton*
            Ross Barton (NC Bar No. 37179)
            ross.barton@alston.com
            ALSTON & BIRD LLP
            1120 South Tryon Street
            Suite 300
            Charlotte, NC 28203
            Telephone: (704) 444-1000
            Facsimile: (704) 444-1111

            *Counsel for T-Mobile USA, Inc.*