UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERISON WIRELESS<br><br>*Defendant* | Case No. 2:23-cv-00382<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| COBBLESTONE WIRELESS, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>AT&T SERVICES INC.; et al.<br><br>*Defendants.* | Case No. 2:23-cv-00380-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |
| COBBLESTONE WIRELESS LLC<br><br>*Plaintiff,*<br><br>T-MOBILE USA, INC. | Case No. 2:23-cv-00381-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

### VERIZON'S ANSWER

Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon" or "Defendant") files this Answer and Defenses to the Complaint for Patent Infringement ("Complaint") filed by Cobblestone Wireless, LLC ("Cobblestone" or "Plaintiff") (Dkt. 1). Except as hereinafter specifically admitted, qualified, or affirmatively alleged, Verizon denies each and every allegation, matter, or thing contained in the Complaint. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, or implications that might follow from the admitted facts.

## PLAINTIFF COBBLESTONE AND THE PATENTS IN SUIT[1]

1. Verizon is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 1 and therefore denies them.

2. Admitted.

## JURISDICTION AND VENUE

3. Verizon admits that the Complaint purports to bring an action under Title 35 of the United States Code but denies that Verizon has committed any act of infringement of the Asserted Patent. Verizon does not dispute that this Court has subject matter jurisdiction but denies that Cobblestone is entitled to any relief. Except as expressly admitted, denied.

4. To the extent the allegations contained in paragraph 4 call for a legal conclusion, no response is required. To the extent a response is deemed necessary, Verizon admits that this Court has personal jurisdiction over it for purposes of this action only, but denies that Verizon has committed any act of infringement of any claim of the Asserted Patent in this District, in Texas, or in the United States. . Verizon denies any remaining allegations of paragraph 4.

5. Denied.

6. To the extent the allegations contained in paragraph 6 call for a legal conclusion, no response is required. To the extent a response is deemed necessary, Verizon denies that Verizon has committed any act of infringement of any claim of the Asserted Patent in this District, or in the United States.

7. Verizon admits that it operates stores in the Eastern District of Texas. To the extent

---

[1] Headings and subheadings are copied from the Complaint for ease of reference only. These headings and subheadings do not require any response and do not constitute an admission or denial of any purported fact or allegation. To the extent a response is required to any allegation in the Complaint's headings or subheadings, Verizon denies those allegations.

the allegations contained in paragraph 7 of the Complaint set forth legal conclusions, no response is required. Verizon denies any remaining allegations of paragraph 7.

8. Verizon admits that it offers 5G data coverage to customers in the Eastern District of Texas. To the extent the allegations contained in paragraph 8 of the Complaint set forth legal conclusions, no response is required. Verizon lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations of paragraph 8 and therefore denies them.

9. Verizon admits that it offers 5G data services to customers in the Eastern District of Texas. To the extent the allegations contained in paragraph 9 of the Complaint set forth legal conclusions, no response is required. Verizon lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 9 and therefore denies them.

## COUNT 1 – CLAIM FOR ALLEGED INFRINGEMENT OF THE '802 PATENT

10. Verizon repeats its responses to paragraphs 1-9 as if fully stated herein.

11. Verizon admits that Exhibit 1 to the Complaint purports to be U.S. Patent No. 7,924,802 (the "'802 Patent"), entitled "Wireless Communication Systems and Methods" and indicates on its face that it issued on April 12, 2011. Verizon lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 11 and therefore denies them.

12. Denied.

13. Denied.

14. Denied.

15. Verizon admits that Exhibit 2 to the Complaint purports to be a claim chart. Except as expressly admitted, denied.

16. Denied.

17. Denied.

## ANSWER TO JURY TRIAL DEMAND

18. Verizon admits that the Complaint sets forth a demand for a jury trial.

## VERIZON DENIES COBBLESTONE IS ENTITLED TO ITS PRAYER FOR RELIEF

Verizon denies the allegations contained in Cobblestone's Prayer for Relief and Verizon further denies that Cobblestone is entitled to any relief whatsoever, including any relief sought in paragraphs A through F of its Prayer for Relief. Cobblestone's Prayer for Relief should, therefore, be denied in its entirety and with prejudice, and Cobblestone should take nothing.

## JURY TRIAL DEMAND

Verizon respectfully requests a trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VERIZON'S DEFENSES

Upon information and belief, and subject to its responses above, Verizon alleges and asserts the following defenses in response to the allegations of the Complaint, without admitting or acknowledging that Verizon bears the burden of proof as to any of them or that any must be pleaded as defenses. Regardless of how such defenses are listed herein, Verizon undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law. Verizon expressly reserves the right to amend or raise additional defenses pursuant to any docket control order as additional information becomes available through further investigation and discovery.

## FIRST DEFENSE
### (Non-Infringement of the '802 Patent)

Verizon does not infringe and has not infringed the '802 Patent directly, indirectly, literally, or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any valid and enforceable claim of the '802 Patent.

## SECOND DEFENSE
### (Invalidity of the '802 Patent)

The claims of the '802 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

## THIRD DEFENSE
### (Statutory Limit on Damages)

Cobblestone's claim for damages, equitable relief, and/or costs is statutorily limited by 35 U.S.C. §§ 252, 286, 287, and/or 288.

## FOURTH DEFENSE
### (No Willful Infringement)

Cobblestone is not entitled to enhanced or increased damages for willful infringement because Verizon has not engaged in any conduct that meets the applicable standard for willful infringement.

## FIFTH DEFENSE
### (No Exceptional Case)

Cobblestone cannot prove that this is an exceptional case justifying award of attorney's fees against Verizon pursuant to 35 U.S.C. § 285.

## SIXTH DEFENSE
### (Waiver, Equitable Estoppel, Acquiescence, Unclean Hands)

Cobblestone's claims are barred, in whole or in part, or its remedies limited, by the doctrines of waiver, implied waiver, equitable estoppel, acquiescence, and/or unclean hands.

## SEVENTH DEFENSE
### (Prosecution History Estoppel)

Cobblestone's claims for relief are barred in whole or in part by prosecution history

estoppel and/or prosecution history disclaimer based on amendments, statements, admission, omissions, representations, disclaimers, and/or disavowals made by the applicants for the '802 Patent.

### EIGHTH DEFENSE
### (Statutory Limitation)

To the extent certain products accused of infringing the Asserted Patent are used by and/or manufactured for the United States Government and/or the public good, Cobblestone's claims involving Verizon may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

### NINTH DEFENSE
### (License, Implied License, Exhaustion)

Cobblestone's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to Verizon by any entity or entities having express or implied licenses or covenant not to sue or assert the Asserted Patent and/or (ii) under the doctrine of patent exhaustion. Additionally, Cobblestone's claims for patent infringement are precluded in whole or in part by any direct licenses or agreements/covenants not to sue that pertain to Verizon.

### TENTH DEFENSE
### (No Injunctive Relief)

Cobblestone's claims for relief are barred in whole or in part because Cobblestone is not entitled to injunctive relief. Any alleged injury to Cobblestone is not immediate or irreparable and Cobblestone has an adequate remedy at law.

### ELEVENTH DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

## TWELFTH DEFENSE
### (Standing/Ownership)

To the extent that Cobblestone was not the sole and total owner of all substantial rights in the Asserted Patent as of the filing date of the Complaint, Cobblestone is without standing to bring one or more claims in this lawsuit.

## VERIZON'S COUNTERCLAIMS

Without admitting any of the allegations of the Complaint other than those expressly admitted herein, and without prejudice to the right to plead any additional counterclaims as the facts of the matter warrant, pursuant to Rule 13 of the Federal Rules of Civil Procedure, Cellco Partnership d/b/a Verizon Wireless ("Verizon") asserts the following Counterclaims against Plaintiff Cobblestone Wireless, LLC ("Cobblestone"):

## THE PARTIES

1. Verizon is a Delaware partnership with its principal place of business at One Verizon Way, Backing Ride, New Jersey 07920.

2. Upon information and belief, and based on Cobblestone's allegations in its Complaint, Cobblestone Wireless, LLC is a Texas limited liability company with a principal place of business located at 101 E. Park Boulevard, Suite 600, Plano, Texas 75074

## JURISDICTION AND VENUE

3. These Counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 25 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, and 2201-02.

4. This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

5. This Court has personal jurisdiction over Cobblestone, as Cobblestone consented

to personal jurisdiction by commencing this action for patent infringement in this judicial district.

6. Cobblestone has consented to venue in this Court by bringing this action against Verizon, and thus venue for Verizon's counterclaims is proper in this district, although a different venue may be more convenient to hear the dispute.

7. Cobblestone has filed suit in this Court against Verizon for alleged infringement of one or more claims of the Patent-in-Suit in this action. Accordingly, there is an actual, continuing, and justiciable controversy arising under the Patent Act, 35 U.S.C. §§ 1, et seq. between Cobblestone, on the one hand, and Verizon, on the other, concerning the alleged infringement by Verizon of the Patent-in-Suit.

8. Verizon denies that it directly or indirectly infringes any valid and enforceable claim of the Patent-in-Suit. In view of the foregoing, there exists an actual and justiciable controversy between the parties with respect to the alleged infringement of the Patent-in-Suit.

**FIRST COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,924,802**

9. Verizon realleges Paragraphs 1-8 as though fully set forth herein.

10. Cobblestone alleges that Verizon has infringed and continues to infringe at least claim 1 of the '347 Patent under 35 U.S.C. § 271(a).

11. Verizon denies that it infringes any valid claim of the '802 Patent.

12. Verizon does not make, use, sell, or offer to sell any product, system, platform, or service, that practices every element of any claim of the '802 Patent, including but not limited to claim 1, at least because Verizon does not make, use, sell, or offer to sell any product, system, platform, or service that performs, for example: (i) "a method of transmitting information in a wireless communication channel comprising:"; (ii) "transmitting first information across a first frequency range using a wireless transmitter, the first frequency range having a first center

frequency, a first highest frequency, and a first lowest frequency; and"; (iii) "simultaneously transmitting second information across a second frequency range using the same wireless transmitter, the second frequency range having a second center frequency greater than the first center frequency, a second highest frequency, and a second lowest frequency."

13. For these, and other reasons to be established through discovery, Verizon denies that it infringes any valid claim of the '802 Patent.

14. There is an actual and justiciable controversy between Cobblestone and Verizon arising under the Patent Act, 35 U.S.C. §§ 1, et seq., concerning Cobblestone's allegations that Verizon infringes the '802 Patent.

15. Verizon is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the '802 Patent.

16. Absent a declaration that Verizon does not infringe the '802 Patent, Cobblestone will continue to wrongfully assert the '802 Patent against Verizon and thereby cause Verizon irreparable harm and injury.

### SECOND COUNTERCLAIM – DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,924,802

17. Verizon realleges Paragraphs 1-16 as though fully set forth herein.

18. Verizon asserts that claims of the '802 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 112.

19. Accordingly, there exists an actual and justiciable controversy as to whether the claims of the '802 Patent are valid.

20. Verizon requests a judicial determination and declaration that the claims of the '802

Patent are invalid.

## RESERVATIONS

Verizon reserves the right to supplement and/or amend its defenses as discovery proceeds in this case.

## REQUEST FOR RELIEF

Defendants respectfully requests that this Court enter judgment as follows:

a. A judgment dismissing Cobblestone's Complaint against Defendants with prejudice;

b. A judgment in favor of Defendants on all of its Defenses;

c. A judgement in favor of Verizon on all of its Counterclaims;

d. A judgment denying any relief whatsoever, including but not limited to injunctive relief, in favor of Cobblestone;

e. A judgment that Defendants have not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the Patent-in-Suit;

f. A judgment that this action is exceptional within the meaning of 35 U.S.C. § 285 and that Defendants are entitled to recover their reasonable attorney's fees upon prevailing in this action;

g. An award to Defendants of their fees and expenses of litigation, including but not limited to attorney's fees and costs;

h. A judgment limiting or barring Cobblestone's ability to enforce the Patent-in-Suit in equity;

i. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Defendants respectfully demands a trial by jury on all issues so triable in this action.

DATED:  November 3, 2023

                Respectfully submitted,

                Alston & Bird LLP

BY: */s/ Ross Barton*
  Theodore Stevenson (TX Bar No. 19196650)
  Adam B. Ahnhut (TX Bar No. 24106983)
   ted.stevenson@alston.com
   adam.ahnhut@alston.com
  ALSTON& BIRD LLP
  2200 Ross Avenue, Suite 2300
  Dallas, TX 75201
  Phone: (214) 922-3400
  Fax: (214) 922-3899

  Ross Barton (NC Bar No. 37179)
    ross.barton@alston.com
  ALSTON & BIRD LLP
  Vantage South End
  1120 South Tryon Street
  Suite 300
  Charlotte, NC 28203-6818
  Phone: 704-444-1000
  Fax: 704-444-1111

  John D. Haynes (GA Bar No. 340599)
  David S. Frist (GA Bar No. 205611)
  Emily Welch (GA Bar No. 606071)
  Michael C. Deane (GA Bar No. 497195)
  Sloane S. Kyrazis (GA Bar No. 878240)
   john.haynes@alston.com
   david.frist@alston.com
   emily.welch@alston.com
   michael.deane@alston.com
   sloane.kyrazis@alston.com
  ALSTON & BIRD LLP
  One Atlantic Center
  1201 West Peachtree Street
  Atlanta, GA 30309-3424
  Telephone: (404)-881-7000
  Facsimile: (404) 881-7777

  Deron Dacus
  ddacus@dacusfirm.com
  The Dacus Firm
  821 ESE Loop 323

Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543

*Counsel for Cellco Partnership d/b/a Verizon Wireless*

## CERTIFICATE OF SERVICE

     I hereby certify that on this 3rd day of November, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing upon Counsel of Record.

/s/ *Ross Barton*
Ross Barton (NC Bar No. 37179)
  ross.barton@alston.com
ALSTON & BIRD LLP
Vantage South End
1120 South Tryon Street
Suite 300
Charlotte, NC 28203-6818
Phone: 704-444-1000
Fax: 704-444-1111

*Counsel for Cellco Partnership d/b/a Verizon Wireless.*