# Exhibit 1

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>    Plaintiff,<br>v.<br><br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS.,<br><br>    Defendants,<br><br>NOKIA OF AMERICA CORPORATION<br><br>    Intervenor, | CASE NO. 2:23-cv-00382<br>(Lead Case)<br><br>JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC,<br><br>    Plaintiff,<br>v.<br><br>AT&T MOBILITY LLC, AT&T SERVICES, INC., AND AT&T CORP.,<br><br>    Defendants,<br><br>NOKIA OF AMERICA CORPORATION<br><br>    Intervenor, | CASE NO. 2:23-cv-00380<br>(Member Case)<br><br>JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC,<br><br>    Plaintiff,<br>v.<br><br>T-MOBILE USA, INC.<br><br>    Defendants,<br><br>NOKIA OF AMERICA CORPORATION<br><br>    Intervenor. | CASE NO. 2:23-cv-00381<br>(Member Case)<br><br>JURY TRIAL DEMANDED |

## NOKIA INTERVENOR'S ANSWER AND COUNTERCLAIMS IN INTERVENTION

Intervenor Nokia of America Corporation ("Nokia" or "Intervenor"), by and through its undersigned counsel, hereby submits the following Answer and Counterclaims in Intervention to the August 25, 2023, Complaint (Dkt. 1 (No. 2:22-cv-00381) ("Complaint") of Plaintiff Cobblestone Wireless, LLC, ("Cobblestone" or "Plaintiff"):

## SCOPE OF NOKIA'S ANSWER IN INTERVENTION

Nokia's intervention in this case is limited to defending claims arising from Defendant's T-Mobile USA, Inc. ("Defendant" or "T-Mobile") use of Nokia's equipment and/or technology. To the extent a response is required to allegations outside of this scope, Nokia lacks knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies them. Nokia's use of headings in this Answer in Intervention is for convenience only and is not an admission as to any of Plaintiff's allegations in the Complaint.

Nokia further denies that any patent claims in this action are valid or enforceable. Nokia further reserves the right to amend or supplement its Answer in Intervention based on any additional facts or developments that become available or that arise after the filing of this Answer in Intervention.

Nokia denies each and every allegation averred in the Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, implications, or speculations that might follow from the admitted facts.

## PLAINTIFF COBBLESTONE AND THE PATENTS IN SUIT[1]

1. Nokia is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 1 and therefore denies them.

2. Admitted.

## JURISDICTION AND VENUE

3. Nokia admits that the Complaint purports to bring an action under Title 35 of the United States Code but denies that T-Mobile has committed any acts of infringement of the Asserted Patent through the use of Nokia's equipment and technology. Nokia does not dispute that this Court has subject matter jurisdiction but denies that Cobblestone is entitled to any relief. Except as expressly admitted, denied.

4. To the extent the allegations contained in paragraph 4 call for a legal conclusion, no response is required. To the extent a response is deemed necessary, Nokia admits that this Court has personal jurisdiction over it for purposes of this action only, but denies that T-Mobile has committed any act of infringement, through the use of Nokia's equipment and technology, of any claim of the Asserted Patent in this District, in Texas, or in the United States. Nokia denies any remaining allegations of paragraph 4.

5. Denied.

6. To the extent the allegations contained in paragraph 6 call for a legal conclusion, no response is required. To the extent a response is deemed necessary, Nokia denies that T-Mobile has committed any act of infringement, through the use of Nokia's equipment and technology, of

---

[1] Headings and subheadings are copied from the Complaint for ease of reference only. These headings and subheadings do not require any response and do not constitute an admission or denial of any purported fact or allegation. To the extent a response is required to any allegation in the Complaint's headings or subheadings, Nokia denies those allegations.

any claim of the Asserted Patent in this District, or in the United States.

7. Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies them. To the extent the allegations contained in paragraph 7 of the Complaint set forth legal conclusions, no response is required. Nokia denies any remaining allegations of paragraph 7.

8. Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies them. To the extent the allegations contained in paragraph 8 of the Complaint set forth legal conclusions, no response is required.

9. Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies them. To the extent the allegations contained in paragraph 9 of the Complaint set forth legal conclusions, no response is required.

**COUNT 1 – CLAIM FOR ALLEGED INFRINGEMENT OF THE '802 PATENT**

10. Nokia repeats its responses to paragraphs 1-9 as if fully stated herein.

11. Nokia admits that Exhibit 1 to the Complaint purports to be U.S. Patent No. 7,924,802 (the "'802 Patent"), entitled "Wireless Communication Systems and Methods" and indicates on its face that it issued on April 12, 2011. Nokia lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 11 and therefore denies them.

12. Denied.

13. Denied.

14. Denied.

15. Nokia admits that Exhibit 2 to the Complaint purports to be a claim chart. Except as expressly admitted, denied.

16. Denied.

17. Denied.

## ANSWER TO JURY TRIAL DEMAND

18. Nokia admits that the Complaint sets forth a demand for a jury trial.

## NOKIA DENIES COBBLESTONE IS ENTITLED TO ITS PRAYER FOR RELIEF

Nokia denies the allegations contained in Cobblestone's Prayer for Relief and Nokia further denies that Cobblestone is entitled to any relief whatsoever, including any relief sought in paragraphs A through F of its Prayer for Relief. Cobblestone's Prayer for Relief should, therefore, be denied in its entirety and with prejudice, and Cobblestone should take nothing.

## JURY TRIAL DEMAND

Nokia respectfully requests a trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## NOKIA'S DEFENSES

Upon information and belief, and subject to its responses above, Nokia alleges and asserts the following defenses in response to the allegations of the Complaint, without admitting or acknowledging that Nokia bears the burden of proof as to any of them or that any must be pleaded as defenses. Regardless of how such defenses are listed herein, Nokia undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law. Nokia expressly reserves the right to amend or raise additional defenses pursuant to any docket control order as additional information becomes available through further investigation and discovery.

## FIRST DEFENSE
### (Non-Infringement of the '802 Patent)

Nokia's equipment and technology supplied to T-Mobile does not, alone or in combination, infringe any valid and enforceable claim of the Asserted patent, either literally or under the doctrine of equivalents, nor is such equipment and technology used in any infringement of any valid and

enforceable claim.

## SECOND DEFENSE
### (Invalidity of the '802 Patent)

The claims of the '802 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

## THIRD DEFENSE
### (Statutory Limit on Damages)

Cobblestone's claim for damages, equitable relief, and/or costs is statutorily limited by 35 U.S.C. §§ 252, 286, 287, and/or 288.

## FOURTH DEFENSE
### (No Willful Infringement)

Cobblestone is not entitled to enhanced or increased damages for willful infringement because T-Mobile has not engaged in any conduct that meets the applicable standard for willful infringement.

## FIFTH DEFENSE
### (No Exceptional Case)

Cobblestone cannot prove that this is an exceptional case justifying award of attorney's fees against T-Mobile pursuant to 35 U.S.C. § 285.

## SIXTH DEFENSE
### (Waiver, Equitable Estoppel, Acquiescence, Unclean Hands)

Cobblestone's claims are barred, in whole or in part, or its remedies limited, by the doctrines of waiver, implied waiver, equitable estoppel, acquiescence, and/or unclean hands.

### SEVENTH DEFENSE
### (Prosecution History Estoppel)

Cobblestone's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admission, omissions, representations, disclaimers, and/or disavowals made by the applicants for the '802 Patent.

### EIGHTH DEFENSE
### (Statutory Limitation)

To the extent certain products accused of infringing the Asserted Patent are used by and/or manufactured for the United States Government and/or the public good, Cobblestone's claims involving Nokia may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

### NINTH DEFENSE
### (License, Implied License, Exhaustion)

Cobblestone's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to Nokia by any entity or entities having express or implied licenses or covenant not to sue or assert the Asserted Patent and/or (ii) under the doctrine of patent exhaustion. Additionally, Cobblestone's claims for patent infringement are precluded in whole or in part by any direct licenses or agreements/covenants not to sue that pertain to Nokia.

### TENTH DEFENSE
### (No Injunctive Relief)

Cobblestone's claims for relief are barred in whole or in part because Cobblestone is not entitled to injunctive relief. Any alleged injury to Cobblestone is not immediate or irreparable and Cobblestone has an adequate remedy at law.

**ELEVENTH DEFENSE**
**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted.

**TWELFTH DEFENSE**
**(Standing/Ownership)**

To the extent that Cobblestone was not the sole and total owner of all substantial rights in the Asserted Patent as of the filing date of the Complaint, Cobblestone is without standing to bring one or more claims in this lawsuit.

**INTERVENOR NOKIA'S COUNTERCLAIMS**

Without admitting any of the allegations of the Complaint other than those expressly admitted herein, and without prejudice to the right to plead any additional counterclaims as the facts of the matter warrant, pursuant to Rule 13 of the Federal Rules of Civil Procedure, Nokia of America Corporation ("Nokia") asserts the following Counterclaims against Plaintiff Cobblestone Wireless, LLC ("Cobblestone"):

**THE PARTIES**

1.  Intervenor Nokia of America ("Nokia") is a Delaware partnership with its principal place of business at 600-700 Mountain Avenue, Murray Hill, NJ 07974.

2.  Upon information and belief, and based on Cobblestone's allegations in its Complaint, Cobblestone Wireless, LLC is a Texas limited liability company with a principal place of business located at 101 E. Park Boulevard, Suite 600, Plano, Texas 75074

**JURISDICTION AND VENUE**

3.  These Counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 25 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, and 2201-02.

4. This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

5. This Court has personal jurisdiction over Cobblestone, as Cobblestone consented to personal jurisdiction by commencing this action for patent infringement in this judicial district.

6. Cobblestone has consented to venue in this Court by bringing this action against T-Mobile, and thus venue for Nokia's counterclaims is proper in this district, although a different venue may be more convenient to hear the dispute.

7. Cobblestone has filed suit in this Court against T-Mobile for alleged infringement of one or more claims of the Patent-in-Suit in this action. Accordingly, there is an actual, continuing, and justiciable controversy arising under the Patent Act, 35 U.S.C. §§ 1, et seq. between Cobblestone, on the one hand, and T-Mobile, on the other, concerning the alleged infringement by T-Mobile of the Patent-in-Suit.

8. Nokia denies that the Nokia's equipment and technology, supplied to T-Mobile, directly or indirectly infringes any valid and enforceable claim of the Patent-in-Suit. In view of the foregoing, there exists an actual and justiciable controversy between the parties with respect to the alleged infringement of the Patent-in-Suit.

**FIRST COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,924,802**

9. Nokia realleges Paragraphs 1-8 as though fully set forth herein.

10. Cobblestone alleges that T-Mobile has infringed and continues to infringe at least claim 1 of the '802 Patent under 35 U.S.C. § 271(a).

11. Nokia denies that any of Nokia's equipment and technology infringes any valid claim of the '802 Patent.

12. Nokia does not make, use, sell, or offer to sell any product, system, platform, or

service, that practices every element of any claim of the '802 Patent, including but not limited to claim 1, at least because Nokia does not make, use, sell, or offer to sell any product, system, platform, or service that performs, for example: (i) "a method of transmitting information in a wireless communication channel comprising:"; (ii) "transmitting first information across a first frequency range using a wireless transmitter, the first frequency range having a first center frequency, a first highest frequency, and a first lowest frequency; and"; (iii) "simultaneously transmitting second information across a second frequency range using the same wireless transmitter, the second frequency range having a second center frequency greater than the first center frequency, a second highest frequency, and a second lowest frequency."

13. For these, and other reasons to be established through discovery, Nokia denies that that any Nokia's equipment and technology has infringed or infringes any valid claim of the '802 Patent.

14. There is an actual and justiciable controversy between Cobblestone and Nokia arising under the Patent Act, 35 U.S.C. §§ 1, et seq., concerning Cobblestone's allegations that Nokia's equipment and technology supplied to T-Mobile infringes the '802 Patent.

15. Nokia is entitled to a judicial declaration that its equipment and technology has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the '802 Patent.

16. Absent a declaration that Nokia's equipment and technology does not infringe the '802 Patent, Cobblestone will continue to wrongfully assert the '802 Patent against Nokia's customers, such as T-Mobile, and thereby cause Nokia irreparable harm and injury.

### SECOND COUNTERCLAIM – DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,924,802

17. Nokia realleges Paragraphs 1-16 as though fully set forth herein.

18. Nokia asserts that claims of the '802 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 112.

19. Accordingly, there exists an actual and justiciable controversy as to whether the claims of the '802 Patent are valid.

20. Nokia requests a judicial determination and declaration that the claims of the '802 Patent are invalid.

## RESERVATIONS

Nokia reserves the right to supplement and/or amend its defenses as discovery proceeds in this case.

## REQUEST FOR RELIEF

Defendants respectfully requests that this Court enter judgment as follows:

a. A declaration that T-Mobile has not infringed the Asserted Patent through T-Mobile's use of Nokia's equipment and/or technology, contributed to infringement of the Asserted Patent, and/or induced the infringement of the Asserted Patent;

b. A judgment in favor of Nokia on all of its Defenses;

c. A judgement in favor of Nokia on all of its Counterclaims;

d. A judgment denying any relief whatsoever, including but not limited to injunctive relief, in favor of Cobblestone;

e. A judgement that the claims of the Asserted Patent are invalid and/or unenforceable.

f. A judgment that this action is exceptional within the meaning of 35 U.S.C. § 285 and that Defendants are entitled to recover their reasonable attorney's fees upon prevailing in this action;

g. An award to Nokia of its fees and expenses of litigation, including but not limited to

    attorney's fees and costs;

h. A judgment limiting or barring Cobblestone's ability to enforce the Asserted Patent in equity;

i. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Defendants respectfully demands a trial by jury on all issues so triable in this action.

DATED:  December 22, 2023

    Respectfully submitted,

    Alston & Bird LLP

    BY: */s/ David S. Frist*
      Theodore Stevenson (TX Bar No. 19196650)
      Adam B. Ahnhut (TX Bar No. 24106983)
       ted.stevenson@alston.com
       adam.ahnhut@alston.com
      ALSTON& BIRD LLP
      2200 Ross Avenue, Suite 2300
      Dallas, TX 75201
      Phone: (214) 922-3400
      Fax: (214) 922-3899

      Ross Barton (NC Bar No. 37179)
        ross.barton@alston.com
      ALSTON & BIRD LLP
      Vantage South End
      1120 South Tryon Street
      Suite 300
      Charlotte, NC 28203-6818
      Phone: 704-444-1000
      Fax: 704-444-1111

      John D. Haynes (GA Bar No. 340599)
      David S. Frist (GA Bar No. 205611)
      Emily Welch (GA Bar No. 606071)
      Michael C. Deane (GA Bar No. 497195)
      Sloane S. Kyrazis (GA Bar No. 878240)
       john.haynes@alston.com
       david.frist@alston.com
       emily.welch@alston.com
       michael.deane@alston.com
       sloane.kyrazis@alston.com
      ALSTON & BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: (404)-881-7000
Facsimile: (404) 881-7777

Deron Dacus
ddacus@dacusfirm.com
The Dacus Firm
821 ESE Loop 323
Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543

*Counsel for Nokia of America Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing upon Counsel of Record.

/s/ *David Frist*
David Frist
  david.frist@alston.com
ALSTON & BIRD LLP
1201 W Peachtree St NW
Atlanta, GA 30309
Phone: 404-881-7000
Fax: 404-881-7777

*Counsel for Nokia of America Corporation*