# Exhibit 1

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>        Plaintiff,<br>v.<br><br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS.,<br><br>        Defendants,<br><br>ERICSSON INC.,<br><br>        Intervenor, | CASE NO. 2:23-cv-00382<br>(Lead Case)<br><br>JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC,<br><br>        Plaintiff,<br>v.<br><br>AT&T MOBILITY LLC, AT&T SERVICES, INC., AND AT&T CORP.,<br><br>        Defendants,<br><br>ERICSSON INC.,<br><br>        Intervenor, | CASE NO. 2:23-cv-00380<br>(Member Case)<br><br>JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC,<br><br>        Plaintiff,<br>v.<br><br>T-MOBILE USA, INC.<br><br>        Defendants,<br><br>ERICSSON INC.,<br><br>        Intervenor | CASE NO. 2:23-cv-00381<br>(Member Case)<br><br>JURY TRIAL DEMANDED |

**ERICSSON INTERVENOR'S ANSWER AND COUNTERCLAIMS IN INTERVENTION**

Intervenor Ericsson Inc. ("Ericsson" or "Intervenor"), by and through its undersigned counsel, hereby submits the following Answer and Counterclaims in Intervention to the August 25, 2023, Complaint (Dkt. 1 (No. 2:22-cv-00380) ("Complaint") of Plaintiff Cobblestone Wireless, LLC, ("Cobblestone" or "Plaintiff"):

**SCOPE OF ERICSSON'S ANSWER IN INTERVENTION**

Ericsson's intervention in this case is limited to defending claims arising from Defendant's AT&T Mobility LLC, AT&T Services Inc. and AT&T Corporation ("Defendant" or "AT&T") use of Ericsson's equipment and/or technology. To the extent a response is required to allegations outside of this scope, Ericsson lacks knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies them. Ericsson's use of headings in this Answer in Intervention is for convenience only and is not an admission as to any of Plaintiff's allegations in the Complaint.

Ericsson further denies that any patent claims in this action are valid or enforceable. Ericsson further reserves the right to amend or supplement its Answer in Intervention based on any additional facts or developments that become available or that arise after the filing of this Answer in Intervention.

Ericsson denies each and every allegation averred in the Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, implications, or speculations that might follow from the admitted facts.

## PLAINTIFF COBBLESTONE AND THE PATENTS IN SUIT[1]

1.     Ericsson is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 1 and therefore denies them.

2.     Admitted.

## JURISDICTION AND VENUE

3.     Ericsson admits that the Complaint purports to bring an action under Title 35 of the United States Code but denies that AT&T has committed any acts of infringement of the Asserted Patent through the use of Ericsson's equipment and technology. Ericsson does not dispute that this Court has subject matter jurisdiction but denies that Cobblestone is entitled to any relief. Except as expressly admitted, denied.

4.     To the extent the allegations contained in paragraph 4 call for a legal conclusion, no response is required. To the extent a response is deemed necessary, Ericsson admits that this Court has personal jurisdiction over it for purposes of this action only, but denies that AT&T has committed any act of infringement, through the use of Ericsson's equipment and technology, of any claim of the Asserted Patent in this District, in Texas, or in the United States. Ericsson denies any remaining allegations of paragraph 4.

5.     Denied.

6.     To the extent the allegations contained in paragraph 6 call for a legal conclusion, no response is required. To the extent a response is deemed necessary, Ericsson denies that AT&T has committed any act of infringement, through the use of Ericsson's equipment and technology,

---

[1] Headings and subheadings are copied from the Complaint for ease of reference only. These headings and subheadings do not require any response and do not constitute an admission or denial of any purported fact or allegation. To the extent a response is required to any allegation in the Complaint's headings or subheadings, Ericsson denies those allegations.

of any claim of the Asserted Patent in this District, or in the United States.

7. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies them. To the extent the allegations contained in paragraph 7 of the Complaint set forth legal conclusions, no response is required. Ericsson denies any remaining allegations of paragraph 7.

8. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies them. To the extent the allegations contained in paragraph 8 of the Complaint set forth legal conclusions, no response is required.

9. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies them. To the extent the allegations contained in paragraph 9 of the Complaint set forth legal conclusions, no response is required.

**COUNT 1 – CLAIM FOR ALLEGED INFRINGEMENT OF THE '802 PATENT**

10. Ericsson repeats its responses to paragraphs 1-9 as if fully stated herein.

11. Ericsson admits that Exhibit 1 to the Complaint purports to be U.S. Patent No. 7,924,802 (the "'802 Patent"), entitled "Wireless Communication Systems and Methods" and indicates on its face that it issued on April 12, 2011. Ericsson lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 11 and therefore denies them.

12. Denied.

13. Denied.

14. Denied.

15. Ericsson admits that Exhibit 2 to the Complaint purports to be a claim chart. Except as expressly admitted, denied.

16. Denied.

17. Denied.

## ANSWER TO JURY TRIAL DEMAND

18. Ericsson admits that the Complaint sets forth a demand for a jury trial.

## ERICSSON DENIES COBBLESTONE IS ENTITLED TO ITS PRAYER FOR RELIEF

Ericsson denies the allegations contained in Cobblestone's Prayer for Relief and Ericsson further denies that Cobblestone is entitled to any relief whatsoever, including any relief sought in paragraphs A through F of its Prayer for Relief. Cobblestone's Prayer for Relief should, therefore, be denied in its entirety and with prejudice, and Cobblestone should take nothing.

## JURY TRIAL DEMAND

Ericsson respectfully requests a trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## ERICSSON'S DEFENSES

Upon information and belief, and subject to its responses above, Ericsson alleges and asserts the following defenses in response to the allegations of the Complaint, without admitting or acknowledging that Ericsson bears the burden of proof as to any of them or that any must be pleaded as defenses. Regardless of how such defenses are listed herein, Ericsson undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law. Ericsson expressly reserves the right to amend or raise additional defenses pursuant to any docket control order as additional information becomes available through further investigation and discovery.

## FIRST DEFENSE
### (Non-Infringement of the '802 Patent)

Ericsson's equipment and technology supplied to AT&T does not, alone or in combination, infringe any valid and enforceable claim of the Asserted patent, either literally or under the doctrine

of equivalents, nor is such equipment and technology used in any infringement of any valid and enforceable claim.

### SECOND DEFENSE
### (Invalidity of the '802 Patent)

The claims of the '802 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### THIRD DEFENSE
### (Statutory Limit on Damages)

Cobblestone's claim for damages, equitable relief, and/or costs is statutorily limited by 35 U.S.C. §§ 252, 286, 287, and/or 288.

### FOURTH DEFENSE
### (No Willful Infringement)

Cobblestone is not entitled to enhanced or increased damages for willful infringement because AT&T has not engaged in any conduct that meets the applicable standard for willful infringement.

### FIFTH DEFENSE
### (No Exceptional Case)

Cobblestone cannot prove that this is an exceptional case justifying award of attorney's fees against AT&T pursuant to 35 U.S.C. § 285.

### SIXTH DEFENSE
### (Waiver, Equitable Estoppel, Acquiescence, Unclean Hands)

Cobblestone's claims are barred, in whole or in part, or its remedies limited, by the doctrines of waiver, implied waiver, equitable estoppel, acquiescence, and/or unclean hands.

### SEVENTH DEFENSE
### (Prosecution History Estoppel)

Cobblestone's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admission, omissions, representations, disclaimers, and/or disavowals made by the applicants for the '802 Patent.

### EIGHTH DEFENSE
### (Statutory Limitation)

To the extent certain products accused of infringing the Asserted Patent are used by and/or manufactured for the United States Government and/or the public good, Cobblestone's claims involving Ericsson may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

### NINTH DEFENSE
### (License, Implied License, Exhaustion)

Cobblestone's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to Ericsson by any entity or entities having express or implied licenses or covenant not to sue or assert the Asserted Patent and/or (ii) under the doctrine of patent exhaustion. Additionally, Cobblestone's claims for patent infringement are precluded in whole or in part by any direct licenses or agreements/covenants not to sue that pertain to Ericsson.

### TENTH DEFENSE
### (No Injunctive Relief)

Cobblestone's claims for relief are barred in whole or in part because Cobblestone is not entitled to injunctive relief. Any alleged injury to Cobblestone is not immediate or irreparable and

Cobblestone has an adequate remedy at law.

## ELEVENTH DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

## TWELFTH DEFENSE
### (Standing/Ownership)

To the extent that Cobblestone was not the sole and total owner of all substantial rights in the Asserted Patent as of the filing date of the Complaint, Cobblestone is without standing to bring one or more claims in this lawsuit.

## INTERVENOR ERICSSON'S COUNTERCLAIMS

Without admitting any of the allegations of the Complaint other than those expressly admitted herein, and without prejudice to the right to plead any additional counterclaims as the facts of the matter warrant, pursuant to Rule 13 of the Federal Rules of Civil Procedure, Ericsson Inc. ("Ericsson") asserts the following Counterclaims against Plaintiff Cobblestone Wireless, LLC ("Cobblestone"):

## THE PARTIES

1. Intervenor Ericsson Inc. ("Ericsson") is a Delaware partnership with its principal place of business at 6300 Legacy Drive, Plano, Texas 75024.

2. Upon information and belief, and based on Cobblestone's allegations in its Complaint, Cobblestone Wireless, LLC is a Texas limited liability company with a principal place of business located at 101 E. Park Boulevard, Suite 600, Plano, Texas 75074

## JURISDICTION AND VENUE

3. These Counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 25 U.S.C. § 271 et seq.,

-8-

and 28 U.S.C. §§ 1331, 1338, and 2201-02.

4. This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

5. This Court has personal jurisdiction over Cobblestone, as Cobblestone consented to personal jurisdiction by commencing this action for patent infringement in this judicial district.

6. Cobblestone has consented to venue in this Court by bringing this action against AT&T, and thus venue for Ericsson's counterclaims is proper in this district, although a different venue may be more convenient to hear the dispute.

7. Cobblestone has filed suit in this Court against AT&T for alleged infringement of one or more claims of the Patent-in-Suit in this action. Accordingly, there is an actual, continuing, and justiciable controversy arising under the Patent Act, 35 U.S.C. §§ 1, et seq. between Cobblestone, on the one hand, and AT&T, on the other, concerning the alleged infringement by AT&T of the Patent-in-Suit.

8. Ericsson denies that the Ericsson's equipment and technology, supplied to AT&T, directly or indirectly infringes any valid and enforceable claim of the Patent-in-Suit. In view of the foregoing, there exists an actual and justiciable controversy between the parties with respect to the alleged infringement of the Patent-in-Suit.

**FIRST COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,924,802**

9. Ericsson realleges Paragraphs 1-8 as though fully set forth herein.

10. Cobblestone alleges that AT&T has infringed and continues to infringe at least claim 1 of the '802 Patent under 35 U.S.C. § 271(a).

11. Ericsson denies that any of Ericsson's equipment and technology infringes any valid claim of the '802 Patent.

12. Ericsson does not make, use, sell, or offer to sell any product, system, platform, or service, that practices every element of any claim of the '802 Patent, including but not limited to claim 1, at least because Ericsson does not make, use, sell, or offer to sell any product, system, platform, or service that performs, for example: (i) "a method of transmitting information in a wireless communication channel comprising:"; (ii) "transmitting first information across a first frequency range using a wireless transmitter, the first frequency range having a first center frequency, a first highest frequency, and a first lowest frequency; and"; (iii) "simultaneously transmitting second information across a second frequency range using the same wireless transmitter, the second frequency range having a second center frequency greater than the first center frequency, a second highest frequency, and a second lowest frequency."

13. For these, and other reasons to be established through discovery, Ericsson denies that any Ericsson's equipment and technology has infringed or infringes any valid claim of the '802 Patent.

14. There is an actual and justiciable controversy between Cobblestone and Ericsson arising under the Patent Act, 35 U.S.C. §§ 1, et seq., concerning Cobblestone's allegations that Ericsson's equipment and technology supplied to AT&T infringes the '802 Patent.

15. Ericsson is entitled to a judicial declaration that its equipment and technology has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the '802 Patent.

16. Absent a declaration that Ericsson's equipment and technology does not infringe the '802 Patent, Cobblestone will continue to wrongfully assert the '802 Patent against Ericsson's customers, such as AT&T, and thereby cause Ericsson irreparable harm and injury.

## SECOND COUNTERCLAIM – DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,924,802

17.     Ericsson realleges Paragraphs 1-16 as though fully set forth herein.

18.     Ericsson asserts that claims of the '802 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 112.

19.     Accordingly, there exists an actual and justiciable controversy as to whether the claims of the '802 Patent are valid.

20.     Ericsson requests a judicial determination and declaration that the claims of the '802 Patent are invalid.

## RESERVATIONS

Ericsson reserves the right to supplement and/or amend its defenses as discovery proceeds in this case.

## REQUEST FOR RELIEF

Defendants respectfully requests that this Court enter judgment as follows:

a. A declaration that AT&T has not infringed the Asserted Patent through AT&T's use of Ericsson's equipment and/or technology, contributed to infringement of the Asserted Patent, and/or induced the infringement of the Asserted Patent;

b. A judgment in favor of Ericsson on all of its Defenses;

c. A judgement in favor of Ericsson on all of its Counterclaims;

d. A judgment denying any relief whatsoever, including but not limited to injunctive relief, in favor of Cobblestone;

e. A judgement that the claims of the Asserted Patent are invalid and/or unenforceable.

f. A judgment that this action is exceptional within the meaning of 35 U.S.C. § 285 and that Defendants are entitled to recover their reasonable attorney's fees upon prevailing

 in this action;

g. An award to Ericsson of its fees and expenses of litigation, including but not limited to attorney's fees and costs;

h. A judgment limiting or barring Cobblestone's ability to enforce the Asserted Patent in equity;

i. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Defendants respectfully demands a trial by jury on all issues so triable in this action.

DATED:  December 22, 2023

 Respectfully submitted,

 Alston & Bird LLP

BY: */s/ Ross Barton*
 Theodore Stevenson (TX Bar No. 19196650)
 Adam B. Ahnhut (TX Bar No. 24106983)
  ted.stevenson@alston.com
  adam.ahnhut@alston.com
 ALSTON& BIRD LLP
 2200 Ross Avenue, Suite 2300
 Dallas, TX 75201
 Phone: (214) 922-3400
 Fax: (214) 922-3899

 Ross Barton (NC Bar No. 37179)
  ross.barton@alston.com
 ALSTON & BIRD LLP
 Vantage South End
 1120 South Tryon Street
 Suite 300
 Charlotte, NC 28203-6818
 Phone: 704-444-1000
 Fax: 704-444-1111

 John D. Haynes (GA Bar No. 340599)
 David S. Frist (GA Bar No. 205611)
 Emily Welch (GA Bar No. 606071)
 Michael C. Deane (GA Bar No. 497195)
 Sloane S. Kyrazis (GA Bar No. 878240)
  john.haynes@alston.com
  david.frist@alston.com

-13-

      emily.welch@alston.com
      michael.deane@alston.com
      sloane.kyrazis@alston.com
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: (404)-881-7000
Facsimile: (404) 881-7777

Deron Dacus
ddacus@dacusfirm.com
The Dacus Firm
821 ESE Loop 323
Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543

*Counsel for Ericsson Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of December, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing upon Counsel of Record.

/s/ *Ross Barton*
Ross Barton (NC Bar No. 37179)
  ross.barton@alston.com
ALSTON & BIRD LLP
Vantage South End
1120 South Tryon Street
Suite 300
Charlotte, NC 28203-6818
Phone: 704-444-1000
Fax: 704-444-1111

*Counsel for Ericsson Inc.*