**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC, | CASE NO. 2:23-cv-00382 |
|     Plaintiff, | (Lead Case) |
| v. | |
| CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS., | JURY TRIAL DEMANDED |
|     Defendants, | |
| NOKIA OF AMERICA CORPORATION, | |
|     Intervenor, | |
| COBBLESTONE WIRELESS, LLC, | CASE NO. 2:23-cv-00380 |
|     Plaintiff, | (Member Case) |
| v. | |
| AT&T MOBILITY LLC, AT&T SERVICES, INC., AND AT&T CORP., | JURY TRIAL DEMANDED |
|     Defendants, | |
| NOKIA OF AMERICA CORPORATION, | |
|     Intervenor, | |
| COBBLESTONE WIRELESS, LLC, | CASE NO. 2:23-cv-00381 |
|     Plaintiff, | (Member Case) |
| v. | |
| T-MOBILE USA, INC. | JURY TRIAL DEMANDED |
|     Defendants. | |
| NOKIA OF AMERICA CORPORATION, | |
|     Intervenor, | |

## JOINT MOTION FOR PARTIALLY DISPUTED
## ENTRY OF DISCOVERY ORDER

Plaintiff Cobblestone Wireless, LLC ("Cobblestone") and Defendants T-Mobile USA, Inc., AT&T Services Inc., AT&T Mobility LLC, AT&T Corp., and Cellco Partnership d/b/a Verizon Wireless (collectively, "Defendants") (collectively, the "Parties") file this Joint Motion for entry of the attached partially disputed Discovery Order. In accordance with the Court's Order of November 3, 2023 (Dkt. No. 20), the Parties submit to the Court their competing proposals as Exhibit A and provide a summary of their disagreements below:

**<u>Defendants' Summary of Disagreement</u>**

The dispute in the Discovery Order is tied to Defendants' recently filed Motion to Consolidate and exemplifies why that Motion should be granted (Dkt. No. 49). In the disputed Discovery Order here, Plaintiff opposes Defendants' reasonable proposal on fact deposition limits. Instead, Plaintiff apparently wants to conduct *double* the amount of discovery between this single-patent case (referred to as Cobblestone 2.0 in the Motion to Consolidate) and the four-patent case that Plaintiff filed against the same Defendants and the same Accused Products a few months prior (referred to as Cobblestone 1.0 in the Motion to Consolidate). This is a waste of the parties' resources because the same parties, the same Accused Products, and overlapping fact witnesses will be involved in both cases.

In the disputed provision, Plaintiff is requesting *an additional 49 hours* of depositions of *each* Defendant Group (*e.g.*, nearly 150 hours across all three Defendants) for this single-patent case. This number of hours is inappropriate given the single patent involved, but even more so, Plaintiff requests these additional hours on top of the 49 hours per Defendant Group already allotted in the Cobblestone 1.0 Discovery Order (*see* Dkt.

No. 61 at 4 in 2:22-cv-477). There is no reason that Plaintiff needs—or should be permitted—hundreds of hours of repetitive and duplicative deposition time across both cases. For example, it would be wasteful and ineffective to put Defendants' Cobblestone 1.0 fact witnesses up for a second deposition in Cobblestone 2.0 on factual issues that that are common to both cases such as licensing, sales, marketing, finances, and development. It is harassing and costly for Cobblestone to demand duplicative depositions so they can ask the same questions to the same fact witnesses twice. Yet, that appears to be exactly what Plaintiff intends to do.

Defendants offer the most practical solution. In Defendants' proposal, Plaintiff is allotted a reasonable number of additional fact deposition hours to account for the single additional patent in this case (Defendants' proposal includes an additional 10.5 hours of fact depositions). Defendants likewise propose using the depositions in Cobblestone 1.0 in the Cobblestone 2.0 case as well. *See* Ex. A at 5 (Defendant's proposal requests 59.5 hours per Defendant Group and adds a provision that includes counting the hours across all cases).

Defendant's proposed solution is both practical and attainable regardless of whether the separate Motion to Consolidate is ultimately granted by the Court. However, as explained in the Motion to Consolidate, the entire discovery process would be streamlined by consolidating the cases and the discovery periods together. This dispute is but one example of an issue that would be resolved by consolidation.

Regardless, the Court should enter the Discovery Order attached as Exhibit A with Defendants proposal to prevent Plaintiff from engaging in harassing, repetitive, and costly duplicative discovery.

**Plaintiff's Summary of Disagreement**

Defendants' proposal represents a drastic departure from the Federal Rules of Civil Procedure and this Court's default rules, and attempts to effectuate its Motion to Consolidate through entry of the Discovery Order in this case. Plaintiff's proposal reasonably allows for discovery relevant to both cases to be utilized without duplication, while acknowledging their differences.  Under the Federal Rules of Civil Procedure, Plaintiff is entitled to ten depositions taken under Rule 30 without leave of Court, amounting to up to roughly 70 hours of deposition time per Defendant in each of what Defendants call "Cobblestone 1.0" and "Cobblestone 2.0." *See* Fed. R. Civ. P. 30(2)(A)(i). This Court's default discovery order further does not limit the hours of party deposition time. Defendants' proposal potentially leaves Plaintiff with only 10.5 hours of deposition time per Defendant. Plaintiff's proposal of 49 maximum hours—tailored to its expected needs and also to minimize any burden on Defendants—already amounts to a substantial concession of what it likely otherwise would have been entitled to under the Federal Rules.

Defendants' proposal is unreasonable. It is likely that in the Cobblestone 1.0 case, Plaintiff will utilize all 49 hours of deposition time per party, given the **11** ESI custodians that each Defendant designated. Given the number of witnesses identified, the highly compartmentalized knowledge each witness appears to have, and Plaintiff's concern that these witnesses may lack the requisite specialized knowledge, 49 hours may prove to not be enough in Cobblestone 1.0, let alone merely 10.5 hours here.

The complexity of this case merits Plaintiff's request for 49 hours. The patent-in-suit is distinct from the patents asserted in the Cobblestone 1.0 case. The patent-in-suit originates from a different assignee and has entirely different inventors. In addition, the

accused functionality in Cobblestone 2.0 pertains to 3GPP carrier aggregation, whereas the accused functionalities in Cobblestone 1.0 pertain to beamforming, supplemental uplink and/or bandwidth adaptation, handover between 4G LTE and 5G NR, and wifi-only automatic updates. Given that the accused functionalities are typically implemented by highly-specialized engineers working for each Defendant, it is unlikely that technical depositions taken in the Cobblestone 1.0 case would overlap with Cobblestone 2.0. Even if there is overlap, the undisputed portions of the discovery order already provide an avenue for the Parties to discuss streamlining efforts, including cross-use of fact deposition transcripts or portions thereof and reasonable deposition time constraints for repeat witnesses.  But Defendants to date have not identified any relevant witnesses in this case, thus any purported overlap of any witnesses by Defendants is speculative, particularly given the disparate technologies involved in the two cases.  Plaintiff should not be limited based on such speculation.

In summary, Plaintiff's ability to conduct discovery on this case should not be curtailed by Defendants' drastic proposal. This Court should adopt Plaintiff's proposal, which is already conservative in light of the Federal Rule default.

Dated: December 22, 2023          RESPECTFULLY SUBMITTED,

*/s/ David S. Frist*
David S. Frist
David.Frist@alston.com
John Daniel Haynes
John.Haynes@alston.com
Emily Welch
Emily.Welch@alston.com
Michael Clayton Deane
Michael.Deane@alston.com
Katherine Donald
Katie.Donald@alston.com
Sloane Sueanne Kyrazis

Sloane.Kyrazis@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, GA 30309
404-881-7000
Fax: 404-881-7777

Ross Ritter Barton
Ross.Barton@alston.com
ALSTON & BIRD LLP
101 South Tryon Street
Ste 4000
Charlotte, NC 28280-4000
704/444-1287
Fax: 704/444-1111

Theodore Stevenson, III
Ted.Stevenson@alston.com
ALSTON & BIRD LLP
2200 Ross Ave
Suite 2300
Dallas, TX 75201
214-922-3507
Fax: 214-922-3899

*Attorneys for Defendants T-Mobile USA,
Inc., AT&T Services Inc., AT&T Mobility
LLC, AT&T Corp., and Cellco Partnership
d/b/a Verizon Wireless*

Deron Dacus
ddacus@dacusfirm.com
The Dacus Firm
821 ESE Loop 323, Suite 430
Tyler, TX 75701
903-705-1117
Fax: 903-581-2543

*Attorney for AT&T Services, Inc., AT&T
Corp., AT&T Mobility LLC, and Cellco
Partnership d/b/a Verizon Wireless*

Melissa R. Smith
melissa@gillamsmithlaw.com
Tom Gorham
tom@gillamsmithlaw.com

Gillam & Smith LLP
102 N. College, Suite 800
Tyler, TX 75702
903-934-8450
Fax: 903-934-9257

*Attorneys for T-Mobile USA, Inc.*

<u>*/s/ Reza Mirzaie*</u>
Reza Mirzaie
CA State Bar No. 246953
Marc A. Fenster
CA State Bar No. 181067
Neil A. Rubin
CA State Bar No. 250761
Christian W. Conkle
CA State Bar No. 306374
Jonathan Ma
CA State Bar No. 312773
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
Email: rmirzaie@raklaw.com
Email: mfenster@raklaw.com
Email: nrubin@raklaw.com
Email: cconkle@raklaw.com
Email: jma@raklaw.com

**ATTORNEYS FOR PLAINTIFF,
COBBLESTONE WIRELESS, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on December 22, 2023, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ David S. Frist*