# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>  *Plaintiff*,<br>  v.<br><br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,<br><br>  *Defendant*. | Case No. 2:23-cv-00382-JRG-RSP<br><br>**LEAD CASE** |
| COBBLESTONE WIRELESS, LLC,<br>PLAINTIFF,<br><br>  v.<br><br>AT&T SERVICES INC.; AT&T MOBILITY LLC; AT&T CORP.,<br><br>  *Defendants*. | Case No. 2:23-cv-00380-JRG-RSP<br><br>**MEMBER CASE** |
| COBBLESTONE WIRELESS, LLC,<br><br>  *Plaintiff*,<br>  v.<br><br>T-MOBILE USA, INC.,<br><br>  *Defendant*. | Case No. 2:22-cv-00381-JRG-RSP<br><br>**MEMBER CASE** |

## [PARTIALLY DISPUTED] DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

    (e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    (f) any settlement agreements relevant to the subject matter of this action; and

    (g) any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.**[1] A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

    (a) if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert

---

[1] All expert reports should be written such that the report is organized with discrete paragraph numbers.

>   testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and
>
> (b) for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3.  **Additional Disclosures.**  Without awaiting a discovery request,[2] each party will make the following disclosures to every other party:

(a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

>   i.  If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.
>
>   ii. If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

---

[2] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

(b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c) provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4. **Protective Orders.**  The Court will enter the parties' Agreed Protective Order.

5. **Discovery Limitations**[3]**.**  The discovery in this case is limited to the disclosures described in Paragraphs 1-3 together with:

> **Interrogatories:** Plaintiff may not serve more than 25 common interrogatories on Defendants (as defined below), collectively, and 20 individual interrogatories on each Defendant Group (as defined below).  The Defendant Groups collectively may serve a maximum of 45 interrogatories on Plaintiff and the Defendant Groups may allocate among themselves the number of common interrogatories and the number of Defendant-specific interrogatories to Plaintiff. Interrogatories permitted under the Court's model ESI order are not included in the 45-interrogatory limit.

---

[3] The parties agree to work in good faith to avoid duplication of discovery and reuse common discovery associated with common issues between 2:22-CV-474, -477, and -478 and 2:23-cv-380, 381, and 382.

**Requests for Admission:** No Defendant Group, nor Plaintiff, shall answer more than 40 Requests for Admission on substantive issues not related to the authentication of documents.

**Depositions:** Deposition discovery may commence at any time. However, before depositions of the Parties commence, each side (as defined below) will serve their Rule 30(b)(6) notice(s) in an effort to avoid either side having to reproduce any fact witnesses as a corporate designee. Witnesses shall not be recalled absent good cause.

**Party Fact Witness Depositions:**

- Each Defendant Group shall each be subject to a maximum of [**Defendant: 59.5**/**Plaintiff: 49**] hours of depositions.

- Plaintiff shall be subject to a maximum of [**Defendant: 59.5**/**Plaintiff: 49**] hours of deposition. To reduce redundancy and inconvenience to the Parties, the Defendants may coordinate and allocate those hours to subjects common to all Defendants and to testimony that is specific to each Defendant Group.

- [**Defendant**: For the purposes of calculating deposition hours, the parties agree that deposition hours counted in Cobblestone 1.0 (2:22-CV-474, -477, and -478) count as part of the above calculation in Cobblestone 2.0 (2:23-cv-380, 381, and 382).]

- Regardless of the actual length of record time, for any witness a party chooses to depose who is not designated as a 30(b)(6) witness, each deposition shall count for a minimum of 3.5 hours of record time

- Depositions conducted via translation shall be entitled to additional record time, resulting in a total of no more than 10 hours of record time with a deponent whose deposition is occurring with the assistance of a translator.

- Party fact witnesses include a party's corporate designees under FRCP 30(b)(6) and a party's directors, officers, employees, agents, and representatives deposed in their individual capacity under FRCP 30(b)(1). The Parties shall endeavor to depose any party fact witnesses within one day.

- Each party reserves the right to seek an adjustment of these time limits based upon changes to the scope of discovery, the number of witnesses identified in initial disclosed, or the addition or dismissal of any Parties, in this case. These provisions, further, may be amended by agreement of the Parties.

The above cumulative limits on deposition time do not constitute any agreements by the parties that an opposing party is entitled to take its maximum hours of testimony from them; nor does this cumulative limit alter the limitation on each deposition's duration specified under the Federal Rules. The deposition provided for in the Court's model ESI order is excluded from this deposition limit.

**Third-party Depositions:** Third-party depositions shall be subject to the 7-hour duration limits specified under the Federal Rules. Each side may take a total of 49 hours of third-party depositions (excluding inventor, prior artist, and expert depositions).

**Named Inventors:** The parties may take 21 hours of named inventor depositions per side. The Parties shall meet and confer in advance of each noticed deposition of a named inventor to determine the appropriate number of deposition hours (if any) for such inventor, but in no event shall a single named inventor be deposed for more than

7 hours collectively by each side. The Parties will also confer about any other deposition logistics such as location, start time, and approved interpreter. Fact deposition testimony of inventors is exclusive of any time the inventor spends testifying as a designated expert witness or a corporate representative.

**Expert Depositions:** The Parties shall meet and confer in advance of each expert deposition to determine the appropriate number of hours of deposition per expert, but generally, no single expert will be deposed for more than 7 hours total per report. The Parties will meet and confer in the event that a Party feels that more than 7 hours is needed for the deposition of any expert. Notwithstanding the foregoing, if an expert offers [non]infringement or damages opinions in a single report for or against more than one Defendant Group, that expert may be deposed for an additional 2 hours for each additional Defendant Group for which he offers opinions (e.g., if an expert offers infringement opinions for both the AT&T and Verizon Defendant Groups, he may be deposed for 9 hours; if he offers infringement opinions for each of the AT&T, Verizon, and T-Mobile Defendant Groups, he may be deposed for 11 hours). In any event, even in this case, an expert will not be deposed for more than 14 hours.  If any party serves a supplemental expert report, the Parties will meet and confer on whether any deposition is needed and if so, what the duration of the deposition should be.

**Depositions on Written Questions**: The parties may conduct depositions on written questions of custodians of business records for third parties,

**Intervenor Group Responses**. To the extent any parties intervene, and such application is approved by the Court, the Intervenor Group (as defined below) will

respond to all applicable discovery requests within 30 days of the date of the order approving intervention.

**Definitions:** "Side" means a party or a group of parties with a common interest, i.e., Defendants, including any intervening parties, comprise one side and the Plaintiff comprises the other side.  A "Defendant Group" is the group of commonly accused Defendants identified in a single complaint, i.e., the AT&T Defendant Group is AT&T Corp., AT&T Mobility LLC, and AT&T Services, Inc. Should any parties or group of parties move to intervene, the movants of each such intervention motion will constitute its own Defendant Group ("Intervenor Group").

**Cross Use**. The parties agree that documents and source code produced in 2:22-CV-474, -477, and -478 are deemed produced in 2:23-cv-380, 381, and 382 unless otherwise stated.

6. **Privileged Information.**  There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference.  By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.  Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7.  The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof

in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. However, if the party asserting privilege seeks an *in camera* review by the Court, such party shall first obtain leave from the Court prior to delivery of documents to the Court.

7. **Signature.**  The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.  If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5.  The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.**  After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

    (a)   Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient.  The written statement shall list, by category, the items the Requesting Party contends should be produced.  The parties shall promptly meet and confer.  If the parties are unable to

resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b) An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d) Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

(e) Any change to a party's lead attorney designation must be accomplished by motion and order.

(f) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-

    26(e).  If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.  **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11.  **Filings.**  Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12.  **Proposed Stipulations by the Parties Regarding Discovery.**

  a.  **Privilege Log**: No party shall have an obligation to identify on a privilege log any privileged communication dated on or after December 15, 2022 or any communications or attorney work-product involving litigation counsel.

  b.  **Inadvertent Disclosure:** Inadvertent disclosure of material protected by the attorney-client privilege or the work-product doctrine shall be handled in accordance with Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(3) and (5). The receiving party shall immediately return, destroy, or sequester all accessible copies and make reasonable efforts to retrieve the information, if the receiving party disclosed it. For purposes of this paragraph, copies made by the routing operation of an automated disaster recovery system are not accessible. Further, a receiving party shall immediately notify the producing party upon discovery of information that appears on its face to have been inadvertently produced and shall not use, copy, or distribute the information, pending

confirmation form the producing party that the information was inadvertently produced. Upon confirmation, the receiving party shall comply with the other obligations of this paragraph. The parties agree to and request that the Court enter the following Order in accordance with Fed. R. Evid. 502(d): The production or disclosure of documents, information, or other materials (including physical objects) by a party or third-party in connection with this proceeding is subject to the provisions of Rule 502(d), which provides that any production or disclosure of any information that is subject to any applicable privilege or protection—including, but not limited to, attorney-client privilege, common interest privilege, work product immunity, or any other applicable privilege or immunity—shall not be deemed waiver of any privilege or protection (except for an intentional waiver of any such privilege) in connection with the litigation pending before this Court, and shall not serve as a waiver in any other federal or state proceeding. *See* Fed. R. Evid. 502(d). The production or disclosure of materials or information in connection with the proceeding, whether by the parties or third parties, shall not be deemed a publication so as to void or make voidable whatever claim a party may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

c. **The parties will meet and confer to negotiate stipulations as to**:

   i. Form and content of privilege logs

   ii. Discovery of Electronically Stored Information ("ESI")

   iii. Deposition Discovery including foreign language and remote depositions

      **iv.**    Authentication of trial exhibits (to preclude the need for authentication Requests for Admission).

13. **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.