**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC, | |
| *Plaintiff,* | Case No. 2:23-cv-00382-JRG-RSP |
| v. | **LEAD CASE** |
| CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, | |
| *Defendant.* | |
| COBBLESTONE WIRELESS, LLC, PLAINTIFF, | Case No.  2:23-cv-00380-JRG-RSP |
| v. | |
| AT&T SERVICES INC.; AT&T MOBILITY LLC; AT&T CORP., | **MEMBER CASE** |
| *Defendants.* | |
| COBBLESTONE WIRELESS, LLC, | Case No. 2:22-cv-00381-JRG-RSP |
| *Plaintiff,* | |
| v. | **MEMBER CASE** |
| T-MOBILE USA, INC., | |
| *Defendant.* | |

**PROTECTIVE ORDER**

WHEREAS, Plaintiff Cobblestone Wireless, LLC ("Cobblestone") and Defendants T-Mobile USA, Inc., AT&T Services Inc., AT&T Mobility LLC, AT&T Corp., and Cellco Partnership d/b/a Verizon Wireless's (collectively, "Defendants"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by

1

the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.    Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").   Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" (the "Designation"). The Designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.  For deposition and hearing transcripts, the Designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE."

2.    Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only"

shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.  With respect to documents, information or material designated "CONFIDENTIAL, "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.   All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.  This Order does not confer any right to any one Defendant or future intervenors to access the DESIGNATED MATERIAL of any other Defendant or future intervenors.

5.  A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time.    Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any party

that inadvertently or unintentionally produces Protected Material without designating it as

DESIGNATED MATERIAL may request destruction of that Protected Material by notifying

the recipient(s), as soon as reasonably possible after the producing Party becomes aware of

the inadvertent or unintentional disclosure, and providing replacement Protected Material

that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently

or unintentionally produced Protected Materials and any documents, information or material

derived from or based thereon.

6.     "CONFIDENTIAL" documents, information and material may be disclosed only to the

following persons, except upon receipt of the prior written consent of the designating party,

upon order of the Court, or as set forth in Paragraph 15 herein:

(a)     outside counsel of record in this Action for the Parties;

(b)     employees of such counsel assigned to and reasonably necessary to assist such
counsel in the litigation of this Action;

(c)     in-house counsel for the Parties who either have responsibility for making decisions
dealing directly with the litigation of this Action, or who are assisting outside
counsel in the litigation of this Action, except that in-house counsel for a
Defendant or any future intervenors shall not have access to the information or
materials of any other Defendant or intervenor;

(d)     outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or
an affiliate of a Party) retained for the purpose of this litigation, provided that:  (1)
such consultants or experts are not presently employed by the Parties hereto for
purposes other than this Action; and (2) the Receiving Party and outside expert or
consultant has complied with Paragraph 7 of this Order;

(e)     independent litigation support services, including persons working for or as court
reporters, graphics or design services, independent legal translating services, jury
or trial consulting services, and photocopy, document imaging, and database
services retained by counsel and reasonably necessary to assist counsel with the
litigation of this Action; and

(f)     any mediator who is assigned to hear this matter, and his or her staff, subject to

their agreement to maintain confidentiality to the same degree as required by this Protective Order;

(g)     the Court and its personnel.

7.     **Procedure for Disclosing Protected Material to Experts and Consultants.** Prior to disclosure of Protected Material to any outside consultant or expert including their administrative and clerical staff whose duties and responsibilities require access to such materials to be authorized under Paragraph 6(d) of this order, the consultant or expert must execute the Undertaking attached as Appendix A to this Order and the Receiving Party must serve on the Producing Party a copy of the Undertaking, a current copy of the expert consultant's CV, a list of the expert or consultant's testifying and consulting work[2] for the preceding 5 years (to the extent not included in the CV) ("Notice"). The Producing Party may object in writing to the disclosure within ten (10) days. At the expiration of the ten days, if no written objection is made, then the outside consultant or expert and their staff may access Protected Material. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within seven (7) days of the Notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order. This disclosure and objection procedure applies to each Producing Party separately. No disclosure of Protected Material may be provided to an expert or consultant that is involved in competitive decision-making, as defined by *U.S. Steel v. United States*,

---

[2] To the extent the consulting work was a confidential engagement, the expert may anonymize this disclosure while still providing enough detail for the Producing Party to evaluate a direct conflict.

730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party. Without the express prior written consent of the Defendant or future intervenor that produced the Protected Material, no expert or consultant retained by a Defendant or intervenor in this matter shall have access to Protected Material produced by another Defendant or future intervenor.

8.   A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential, commercially sensitive, or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

9.   Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

10.  To the extent a Producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the Producing Party may designate such Protected Material "RESTRICTED -- ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer

source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), or substantively relates to a Party's Source Code Material, which for clarity shall include but is not limited to documents containing confidential, proprietary and/or trade secret source code, including computer code, scripts, assembly, object code, source code listings and descriptions of source code, object listings and descriptions of object code, Hardware Description Language (HDL), Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and/or live data (that is, data as it exists residing in a database or databases that is specifically related to source code and not financial or other date), the Producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

11.    For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in Paragraphs 6(a-b) and (d-h), provided however, that the those individuals listed in Paragraph 6(d) have complied with Paragraph 7 of this Order.

12.    For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a)    Access to a Party's Source Code Material shall be provided only on a "stand-alone" computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) that is password protected, maintained in a secure, locked area, and disabled from having external storage devices attached to it ("Source Code Computer").

(b)    Use or possession of any input/ output device or other electronic device (e.g., USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, cellular telephones, PDA, smartphones, voice recorders, peripheral equipment, DVDs, or drives of any kind, etc.) is prohibited while in the secured, locked area containing the Source Code Computer(s). Except as provided in Paragraph 12(g), the Receiving Party will not copy, remove, or otherwise transfer any portion of the Source Code Material from the Source Code Computer including,

without limitation, copying, removing, or transferring any portion of the Source Code Material onto any other computers or peripheral equipment. The Receiving Party will not transmit any portion of the Source Code Material in any way from the location of the Source Code inspection. All persons entering the locked room containing the Source Code Computer(s) must agree to submit to reasonable security measures to insure they are not carrying any prohibited items before they will be given access to the locked room.

(c)     The Source Code Computer(s) will be made available for inspection at the offices of outside counsel or any other mutually agreed-upon location, until the close of expert discovery, during normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m. local time, on business days (i.e. weekdays that are not Federal or local holidays).  However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the Source Code Computer(s) outside of normal business hours.  The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action. No Defendant shall be required to make Source Code available for inspection prior to the date set forth in the Court's scheduling order for producing documents;

(d)     Prior to the first inspection of any requested Source Code Material, the Receiving Party shall provide at least ten (10) business days' notice of the Source Code Material that it wishes to inspect, but the Receiving Party will work in good faith to provide earlier notice. Thereafter, the Receiving Party shall provide reasonable written notice to the Producing Party, which shall not be less than three (3) business days. In the event a Receiving Party intends to continue its review to the next business day, beyond the dates initially requested, it shall provide written notice by 3:00 p.m. (local time at the review location). A list of names of persons who will view the Source Code Material will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection. The Receiving Party shall maintain a daily log of the names of persons who enter the rooms to view the Source Code and when they enter and depart. The Producing Party shall be entitled to have a person observe all entrances and exits from the room containing the Source Code Computer(s), and a copy of the log upon request.

(e)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the Source Code Computer(s) in order to access the produced Source Code Material on the Source Code Computer(s);

(f)     The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above, and upon reasonable request from the Receiving Party will make reasonable efforts to install reasonable

search and analysis tools requested by the Receiving Party. If these tools require a license which is not previously held by the Receiving Party, the Receiving Party shall provide the Producing Party with a CD or DVD containing the licensed software tool(s) at least five (5) days in advance of the date upon which the Receiving Party wishes to have the licensed software tool(s) available for use on the Source Code Computer(s);

(g)     Source code reviewers are permitted to bring paper and pen to take notes while in the source code review room. The Receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the Source Code Material but may not copy any portion of the Source Code Material into notes. For avoidance of doubt, Receiving Party's Outside Counsel and/or experts may include file names, line numbers, the names of functions and variables, and quotations from "code comments" in their notes. Any notes relating to the Source Code Material will be treated as "RESTRICTED CONFIDENTIAL – SOURCE CODE." The Producing Party may visually monitor the activities of the Receiving Party's representative(s) during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code Material. In so doing, the Producing Party will not monitor, listen in on, or otherwise inhibit the Receiving Party's privileged communications or note-taking in the Source Code Review Room, and the Producing Party's supervision will not, by itself, be deemed to cause any waiver or other loss of any privilege covering such notes or communications. Unless otherwise agreed in advance by the Parties in writing, following each inspection, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information. The Producing Party shall not be responsible for any items left in the review room following each inspection session.

(h)     Access to Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be limited to outside counsel and up to seven (7) outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to Paragraph 6(d) above. A Receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, subject to the limitations of Footnote 3 below, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders. In no case shall any information designated as RESTRICTED CONFIDENTIAL SOURCE CODE by a Defendant or by any future intervenor be provided to any other Defendant, intervenor, or their counsel, by any Party or counsel absent explicit written

agreement from the Producing Party;

(i)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(j)     Except as set forth in paragraph 12(l) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically.[3] The Receiving Party shall only make additional paper copies of selected excerpts of the Source Code if such additional copies are reasonably necessary for any filing with the Court or service of any pleading or other paper on any Party. No paper copies of excerpts of Source code shall be made by the Receiving Party without the express written permission of the Producing Party;

(k)     The receiving Party shall be permitted to request that the Producing Party make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE." The Producing Party will comply with all such requests for printouts within five (5) business days of the request (and shall endeavor to provide them in 3 business days), and the Receiving Party shall maintain a log of all such files that are printed or photocopied. Producing Party will strive to accommodate shorter turnaround requests. In no event may the Receiving Party print any continuous block of Source Code that results in more than 35 continuous printed pages, or an aggregate total of more than 1500 pages, for each Producing Party's Source Code, during the duration of the case without prior written permission of the Producing Party, and the Producing Party shall not unreasonably withhold or delay such permission. The parties will work in good faith if any party needs to print additional pages.  The printed pages shall constitute part of the Source Code Material produced by the Producing Party in this action. At the Receiving Party's request, up to three additional sets (or subsets) of printed source Code may be requested, and the Producing Party shall provide the additional sets by overnight mail or other mutually agreed method within three business days after receiving the request;

---

[3] For clarification, a party may identify source code file names, function names, and variable names in notes. To the extent a party feels the need to include an excerpt(s) of Source Code in expert reports and/or infringement contentions for a claim element(s), it shall be required to identify the relevant source code as specifically as possible in the expert reports and/or infringement contentions, and in no event shall any source code excerpt be more than 15 contiguous lines of code. A Receiving Party may prepare and serve such expert reports and infringement contentions electronically.

(l)    The Receiving Party shall not create any electronic or other images of any printed pages of Source Code or any other documents or things reflecting Source Code Material that have been designated by the Producing Party as "RESTRICTED CONFIDENTIAL  SOURCE CODE," except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically.  A Receiving Party may include excerpts of "RESTRICTED CONFIDENTIAL SOURCE CODE" in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders.  Any such excerpt of Source Code Material shall not exceed 15 continuous lines and shall not exceed 45 lines per source code file without prior written approval by the Producing Party, and the Producing Party shall not unreasonably withhold or delay such approval. For clarity, should such printouts or photocopies be in electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(m)    If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceeding(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition); and

(n)    A Producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under Paragraph 12(h) above to another person authorized under paragraph 12(h) above, on paper via hand carry, Federal Express or other similarly reliable courier.  Source Code Material shall be maintained at all times in a secure location under the direct control of counsel or authorized individuals listed under Paragraph 6(d) responsible for maintaining the security and confidentiality of the DESIGNATED MATERIALS and in a manner that prevents duplication of or unauthorized access to the Source Code Material, including, without limitation, storing the Source Code Material in a locked room or cabinet at all times, when it is not in use. When in transport from one of the above approved locations to another, the Receiving Party shall take reasonable measures to secure the Source Code Material.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  Source Code Material may only be transported outside the offices of outside counsel for the Receiving Party or of the experts

11

and/or consultants who have been approved to view the Source Code for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 12(m) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

(o)     A producing Party may, at its election, prohibit a receiving Party's source code reviewer(s) from bringing electronic devices (other than medical devices) into the room containing the stand-alone computer. If the producing Party so elects, the producing Party must provide (1) a separate, secure, and substantially private workspace convenient to the review room for use by the receiving Party's reviewer(s) to store and use electronic devices; and (2) a note-taking laptop located in the review room. The note-taking laptop must be equipped with Microsoft Word and Microsoft OneNote, or (after reasonable notice to the reviewing Party) equivalent software. The producing Party must provide for any reviewer to load notes, including electronic documents, onto the note-taking laptop prior to a review session and to retrieve notes from the note-taking laptop after a review session, for example by supervised use of a USB storage device. All notes, whether electronic or otherwise, will remain protected as work product. The note-taking laptop computer will not track, keep any file histories of, or otherwise record notes generated by the Reviewing Party, including through any keyloggers, tracking software, or recording software. For the avoidance of doubt, no reviewer may at any time copy any portions or sections of Source Code Material into either electronic or paper notes and counsel for the reviewing Party shall instruct its reviewer(s) not to copy or include any portion or section of Source Code Material in either electronic or paper notes.

(p)     For depositions, five (5) business days before the date of the deposition, the Receiving Party shall notify the Producing Party about the Source Code printouts it wishes to use at the deposition, and which the Producing Party shall make available to the witness at the deposition. The Producing Party shall endeavor to accommodate requests made on shorter notice. Absent other agreement among the parties, the Receiving Party will ensure that its counsel have any needed Source Code printouts, and the Producing Party will ensure its counsel and its witnesses have any needed Source Code printouts. In the event air travel is needed for a deposition, the Source Code Printouts shall be carried on and not placed in checked luggage by the traveling attorney or witness. Furthermore, for depositions of persons eligible to view Source Code Material, at least three weeks in advance of the deposition, the Receiving Party shall notify the Producing Party if the Receiving Party wishes to have the Producing Party make a Source Code Computer available at the deposition. Any deposition where a Source Code Computer is requested shall take place in person at a mutually agreed-upon location. The Producing Party is only required to prepare one additional Source Code Computer for use during depositions, and the parties agree to meet and

12

confer regarding the appropriate scheduling of depositions to avoid any conflicts. During the deposition, the screen and/or contents of the Source Code Computer shall not be recorded. The Source Code Computer made available at the deposition shall include appropriate software analysis tools as discussed below, provided the Receiving Party has, at its expense, provided the supplier with a license for such software tool in sufficient time to have it properly loaded on the deposition source code computer.

13.   Absent written consent of the Producing Party, no person on behalf of Plaintiff, including without limitation any outside consultant or expert of Plaintiff, who reviews any other Party's Protected Material that is designated  RESTRICTED  --  ATTORNEYS'  EYES ONLY   and/or   RESTRICTED  CONFIDENTIAL  SOURCE  CODE  (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application, or engage in any Prosecution Activity, pertaining to the field of the invention of the patents-in-suit, including but not limited to 5G NR beamforming, handover between 4G LTE and 5G NR wireless networks, 3GPP NG-RAN supporting directional Supplemental Uplink and/or Bandwidth Adaptation, and handset technologies relating to wifi-only automatic updates, during the pendency of this Action and for one year after its conclusion, including any appeals.  To ensure compliance with the purpose of this provision, Plaintiff  shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of Plaintiff or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application on behalf of Plaintiff, or pertaining to the field of the invention of the patents-in-suit including but not limited to 5G NR beamforming, handover between 4G LTE and 5G NR wireless networks, 3GPP NG-RAN

13

supporting directional Supplemental Uplink and/or Bandwidth Adaptation, and handset technologies relating to wifi-only automatic updates.  This provision does not prohibit Plaintiff's counsel of record or experts in this litigation from participating in or representing it in reexamination proceedings, Post-Grant Review proceedings, Inter Partes Review proceedings, or Covered Business Method Review proceedings involving any patent, including the patents-in-suit. For clarity and avoidance of doubt, outside counsel of any Defendant or future intervenor in this action are not subject to this Prosecution Bar if they have received any other Party's non-technical CONFIDENTIAL information or non-technical RESTRICTED – ATTORNEYS' EYES ONLY information other than through a violation of this Order.

14.  Prosecution Activity shall mean any activity related to (i) the preparation or prosecution (for any person or entity) of patent applications relating to 5G NR beamforming, handover between 4G LTE and 5G NR wireless networks, 3GPP NG-RAN supporting directional Supplemental Uplink and/or Bandwidth Adaptation, and handset technologies relating to wifi-only automatic updates; or (ii) advising or counseling clients regarding the same, including but not limited to providing any advice, counseling, preparing, prosecuting, editing, amending and/or drafting of claims, or communication with a domestic or foreign patent office for purpose of allowance of any claims, for any patent application, reexamination, or reissue application before any domestic or foreign patent office. Nothing in this Paragraph shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent application in complying with its duty of candor. Nothing

in this provision shall prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation with his/her client.

15. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. The production or disclosure of documents, information, or other material by any Party or third-party in connection with this proceeding is subject to the provisions of Federal Rule of Evidence 502(d), which provides that any production or disclosure of any information (whether inadvertent or otherwise) that is subject to any applicable privilege or protection shall not be deemed a waiver of any privilege or protection in connection with the Litigation pending before this Court, and shall not serve as a waiver in any other federal or state proceeding. See Fed. R. Evid. 502(d). Any Party that produced documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity, may obtain the return of such documents, information, or other material pursuant to any Discovery Order entered in this case.

16. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

17. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that

the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to Paragraph 11 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

18.   Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order.  Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.   Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as RESTRICTED – ATTORNEYS' EYES ONLY.

19.   Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.  The filing party shall be responsible

for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

20.   The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

21.   A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.   In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.   Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

22.   Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this

Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

23.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

24.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties.  The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "RESTRICTED – ATTORNEYS' EYES ONLY" in accordance with this Order.

25.     The provisions of this Order shall continue to be binding after final termination of this case until a Producing Party agrees otherwise in writing or a court order otherwise directs. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been

admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

26.    The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.   The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

27.    Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

28.    Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

29.    Nothing in this Order shall be construed to affect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

LEGAL02/42817800v1

30.    No Defendant or future intervenor is required to produce its Protected Material to any other Defendant or intervenor, or to any other Defendant's or intervenor's counsel, but nothing in this Order shall preclude such production. The Parties agree to meet and confer prior to the pretrial conference to negotiate a proposal for treatment of Protected Material at trial to be submitted for approval by the Court.

31.    In the event of any disclosure of Protected Material other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also make every effort to further prevent unauthorized disclosure, including retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Material in any form. Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court. Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to hold the disclosed document or information as Protected.

32.    Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

33.    If at any time Protected Material in any form is subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person or

entity to whom the subpoena or other request is directed shall immediately (a) notify in writing the person or entity who caused the subpoena or other request to issue that some or all of the material covered by the subpoena or request is subject to a Protective Order and include a copy of this Order with such notice, (b) give written notice thereof to every Party or nonparty, and their counsel, who has produced such documents and include a copy of the subpoena or request with such notice, and (c) provide each such Producing Party or nonparty with an opportunity to object to the production of such documents. The person or entity to whom the subpoena or other request is directed shall not take any position concerning the propriety of such request or subpoena or the discoverability of the information sought thereby that is adverse to any Producing Party or producing nonparty opposing the request for production of such documents or materials. If a Producing Party or nonparty does not take steps to prevent disclosure of such documents within ten business days of the date written notice is given, the Party to whom the referenced subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

34. This Order is not a waiver of any applicable privilege or any objection that might be raised as to a discovery request or the admissibility of evidence. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Information, provided counsel does not disclose the Protected Information itself except as provided in this Order.

35. The United States District Court for the Eastern District of Texas is responsible for the interpretation and enforcement of this Agreed Protective Order. After termination of this

litigation, the provisions of this Agreed Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Information for enforcement of the provision of this Agreed Protective Order following termination of this litigation. All disputes concerning Protected Information produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the Eastern District of Texas. In the event anyone shall violate or threaten to violate the terms of this Protective Order, the aggrieved designating Party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order.

36.     This Protective Order shall be binding upon the Parties and their attorneys, successors, executors, personal representative, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

37.     **Information Designated "PROTECTED PERSONAL DATA"**: For purposes of this Order, "PROTECTED PERSONAL DATA" shall refer to any information relating to an identified or identifiable natural person, that a party or non-party believes in good faith to be subject to European Union data protection laws, including but not limited to Regulation (EU) 2016/679 of the European Parliament and of the Council (the "GDPR"). All PROTECTED PERSONAL DATA produced or generated in this case shall be used solely for the prosecution or defense (including any appeal therefrom) of this litigation, and shall not be used for any other purpose. PROTECTED PERSONAL DATA shall be processed in accordance with applicable data protection laws, such as the GDPR.

38.     The Producing Party may redact PROTECTED PERSONAL DATA: (i) if the PROTECTED PERSONAL DATA is not responsive to the Receiving Party's discovery request; (ii) if the Parties have agreed that the Producing Party need not produce this PROTECTED PERSONAL DATA; or (iii) if the PROTECTED PERSONAL DATA is, by its nature, particularly sensitive or relates to criminal convictions and offences, unless the disclosure of such PROTECTED PERSONAL DATA is strictly relevant to this litigation.

39.     If the Receiving Party learns that, by inadvertence or otherwise, it has disclosed PROTECTED PERSONAL DATA to any person not authorized herein, the Receiving Party must without undue delay and not later than within 48 hours notify the Producing Party of the unauthorized disclosure.

40.     If the disclosure of PROTECTED PERSONAL DATA to the Receiving Party leads to a transfer of personal data from a country in the EU/EEA to a country outside the EU/EEA, the Producing Party and the Receiving Party (and any additional receiving PROTECTED PERSONAL DATA) shall enter into the standard contractual clauses for the transfer of personal data to third countries pursuant to Regulation (EU) 2016/679 of the European Parliament and of the Council adopted by the EU Commission on 4 June 2021 (Module One: Transfer controller to controller) (implementing decision (EU) 2021/914), prior to any disclosure, in which case the Receiving Party must at all times handle the PROTECTED PERSONAL DATA in compliance with the terms of such standard contractual clauses.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC, | |
| *Plaintiff,* | Case No. 2:23-cv-00382-JRG-RSP |
| v. | **LEAD CASE** |
| CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, | |
| *Defendant.* | |
| COBBLESTONE WIRELESS, LLC, PLAINTIFF, | Case No.  2:23-cv-00380-JRG-RSP |
| v. | **MEMBER CASE** |
| AT&T SERVICES INC.; AT&T MOBILITY LLC; AT&T CORP., | |
| *Defendants*. | |
| COBBLESTONE WIRELESS, LLC, | |
| *Plaintiff,* | Case No. 2:22-cv-00381-JRG-RSP |
| v. | **MEMBER CASE** |
| T-MOBILE USA, INC., | |
| *Defendant.* | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER**

I, _____, declare that:

1.    My address is _____.

My current employer is _____.

My current occupation is _____.

2.      I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.      I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4.      Promptly upon termination of these actions, I will return all documents and things designated as  "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____