**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| COBBLESTONE WIRELESS, LLC, <br> *Plaintiff*, <br> v. <br> CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, <br> *Defendant*, | § § § § § § § § § § | CASE NO. 2:23-cv-00382-JRG-RSP <br> (Lead Case) <br><br> JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC, <br> *Plaintiff*, <br> v. <br> AT&T SERVICES INC.; AT&T MOBILITY LLC; AT&T CORP., <br> *Defendants*, | § § § § § § § § § § § | CASE NO. 2:23-cv-00380-JRG-RSP <br> (Member Case) <br><br> JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC, <br> *Plaintiff*, <br> v. <br> T-MOBILE USA, INC. <br> *Defendant*, | § § § § § § § § § § | CASE NO. 2:23-cv-00381-JRG-RSP <br> (Member Case) <br><br> JURY TRIAL DEMANDED |

---------------------------------------------------AND-----------------------------------------------------

| | | |
|---|---|---|
| COBBLESTONE WIRELESS, LLC, <br> *Plaintiff*, <br> v. <br> T-MOBILE USA, INC. <br> *Defendant*, <br> NOKIA OF AMERICA CORPORATION, ERICSSON INC. <br> *Intervenors*. | § § § § § § § § § § § § § § | CASE NO. 2:22-cv-00477-JRG-RSP <br> (Lead Case) <br><br> JURY TRIAL DEMANDED |

| | | |
|---|---|---|
| COBBLESTONE WIRELESS, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> AT&T SERVICES INC.; AT&T MOBILITY LLC; AT&T CORP., <br><br> *Defendants*, <br><br> NOKIA OF AMERICA CORPORATION, ERICSSON INC. <br><br> *Intervenors*. | § § § § § § § § § § § § § § § | CASE NO. 2:22-cv-00474-JRG-RSP <br> (Member Case) <br><br> JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, <br><br> *Defendant*, <br><br> NOKIA OF AMERICA CORPORATION, ERICSSON INC. <br><br> *Intervenors*. | § § § § § § § § § § § § § § § | CASE NO. 2:22-cv-00478-JRG-RSP <br> (Member Case) <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS' REPLY IN SUPPORT OF OPPOSED MOTION TO CONSOLIDATE CASES[1]**

---

[1] This Reply is being filed in both the Cobblestone 1.0 Carrier Cases and Cobblestone 2.0 Carrier Cases concurrently.

## Table of Exhibits

| Exhibit | Description |
|---|---|
| A | E-Mail from Barton to Mirzaie |
| B | E-Mail from Barton to Mirzaie |
| C | E-Mail from Deane to Ma |
| D | Exhibit B to Cobblestone's Preliminary Infringement Contentions served March 13, 2023 in Case No. 2:22-cv-00477-JRG-RSP for U.S. Patent No. 9,094,888 |
| E | Cobblestone Wireless, LLC's Preliminary Disclosure of Asserted Claims and Infringement Contentions served December 11, 2023 in Case No. 2:23-cv-00381-JRG-RSP |

# Table of Authorities

**Cases**

*Immersion Corp. v. Samsung Elecs. Am., Inc. et al.*,
   No. 2:17-cv-00572-JRG Dkt. 61 (Order) (E.D. Tex. June 8, 2018) ....................................... 1, 3

*Dupont v. S. Pac. Co.*,
   366 F.2d 193 (5th Cir. 1966) ................................................................................................... 4

*Immersion Corp. v. Samsung Elecs. Am., Inc. et al.*,
   No. 2:17-cv-00572-JRG, Dkt. 53 (Opposition to Motion) (E.D. Tex. May 11, 2018).............. 1

*Immersion Corp. v. Samsung Elecs. Am., Inc. et al.*,
   No. 2:17-cv-00572-JRG, Dkt. 48 (Motion) (E.D. Tex. Apr. 27, 2018)..................................... 5

*Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*,
   No. 2:22-cv-00125-JRG, 2023 WL 5613185 (E.D. Tex. Aug. 29, 2023) ................................. 5

*Spread Spectrum Screenings, LLC v. Eastman Kodak Co.*,
   657 F.3d 1349 (Fed. Cir. 2011).................................................................................................. 4

*St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*,
   712 F.2d 889 (5th Cir. 1983) .................................................................................................... 4

*Tex. Advanced Optoelectronic Sols., Inc. v. Renesas Elecs. Am., Inc.*,
   895 F.3d 1304 (Fed. Cir. 2018).................................................................................................. 4

Cobblestone should not be permitted to waste party and Court resources because of its decision to file actions litigating the same claims across multiple cases. Consolidation would result in significant efficiencies by removing three trials from the Court's calendar and resolving all claims asserted against each carrier in a single respective trial against each carrier. Although Cobblestone claims the delay would be prejudicial, no substantial activity has started in any of the cases, and the delay is of Cobblestone's own making. Thus, the conservation of judicial and party resources gained from consolidation far outweighs any alleged prejudice to Cobblestone.

**I.      ARGUMENT**

**A.      Consolidation Will Meaningfully Reduce Duplication and Costs**

Issues of law and fact meaningfully overlap between the Cobblestone 1.0 cases, Cobblestone 2.0 cases, and the Samsung case. Cobblestone's arguments to the contrary fail. *First*, the fact that different families are at issue in Cobblestone 1.0 and 2.0 does not weigh against consolidation. On a nearly identical set of facts, this Court has previously rejected the argument that consolidation is not appropriate simply because "different patent families" are involved. *See Immersion Corp. v. Samsung Elecs. Am., Inc. et al.*, No. 2:17-cv-00572-JRG, Dkt. 53 at 7 (Opposition to Motion) (E.D. Tex. May 11, 2018) (arguing against consolidation because "the two actions involve different patent families"). Instead, on similar facts, this Court has found that "consolidation will promote judicial efficiency and prevent unnecessary costs resulting from two separate yet duplicative Markman hearings and trials." *Id.*, Dkt. 61 at 1 (Order) (E.D. Tex. June 8, 2018). That is exactly what Defendants ask for, and the Court should find, here.

*Second*, during the pendency of this motion, Cobblestone served its infringement contentions in the Cobblestone 2.0 cases, specifically identifying the exact same base stations identified in the Cobblestone 1.0 cases:

1

| *E.g.*, Accused Base Stations (Cobblestone 1.0) for 888 Patent | *E.g.*, Accused Base Stations (Cobblestone 2.0) for 802 Patent |
|---|---|
| **Nokia:** AirScale base station, AirScale radio and baseband, AirScale 5G mMIMO base station, ReefShark System on Chip and all products containing the same, AirScale Osprey, AirScale Habrok, AirScale mRRH, AirScale pRRH, AirScale 4.5G Pro RRH, AirScale sHUB, FZHR, FHFB, AZHL, AAFIA, 32TRX, 64TRX | **Nokia:** AirScale base station, AirScale radio and baseband, AirScale 5G mMIMO base station, ReefShark System on Chip and all products containing the same, AirScale Osprey, AirScale Habrok, AirScale mRRH, AirScale pRRH, AirScale 4.5G Pro RRH, AirScale sHUB, FZHR, FHFB, AZHL, AAFIA, 32TRX, 64TRX |
| **Ericsson:** 5G AIR Products, 5G Baseband products, 5G Radio products, 5G Antenna products, 4G AIR products, 4G Baseband Products, 4G Radio products, 4G Antenna products, AIR 1279, AIR 3218, AIR 3219, AIR 3229, AIR 3239, AIR 3246, AIR 3258, AIR 3268, AIR3283, AIRE 6419, AIR 6428, AIR 6468, AIR 6476, AIR 6488, Interleaved AIR, Baseband 5216, Baseband 6502, Baseband 6648, 5G Radio Dot, Radio 4407, Radio 4408, Radio 4412, Radio 4418, Radio 4485, Radio 4490, Radio 8808, Radio 8863, Antenna 4600, Antenna 4602, Antenna 5500, and Antenna 6600 | **Ericsson:** 5G AIR Products, 5G Baseband products, 5G Radio products, 5G Antenna products, 4G AIR products, 4G Baseband Products, 4G Radio products, 4G Antenna products, AIR 1279, AIR 3218, AIR 3219, AIR 3229, AIR 3239, AIR 3246, AIR 3258, AIR 3268, AIR3283, AIRE 6419, AIR 6428, AIR 6468, AIR 6476, AIR 6488, Interleaved AIR, Baseband 5216, Baseband 6502, Baseband 6648, 5G Radio Dot, Radio 4407, Radio 4408, Radio 4412, Radio 4418, Radio 4485, Radio 4490, Radio 8808, Radio 8863, Antenna 4600, Antenna 4602, Antenna 5500, and Antenna 6600 |
| **Samsung:** 4G base stations, 5G base stations, 4T4R CBRS Radio, 32T32R Radio, 64T64R Radio, C-Band Radio, CDU50, One Antenna Radio, Link Hub, and Link HubPro. | **Samsung:** 4G base stations, 5G base stations, 4T4R CBRS Radio, 32T32R Radio, 64T64R Radio, C-Band Radio, CDU50, One Antenna Radio, Link Hub, and Link HubPro. |

Ex. D (Cobblestone 1.0 Infr. Contentions) at 1; Ex. E (Cobblestone 2.0 Inf. Contentions) at 2.

Thus, Cobblestone's statement that "Defendants speculate in their motion that the accused products in both cases will be substantially the same" carries no weight. Defendants' statement proved completely true. Resp. at 5. Again, given the overlap in Accused Products, consolidation is appropriate.

*Third*, the fact that both 4G and 5G functionality is accused across the cases and patents weighs in favor of consolidation for discovery, not against it. Indeed, Cobblestone asserts the exact same five patents against Samsung in the Samsung case, which shows that Cobblestone believes all discovery for all accused functionality can be dealt with in one case. Cobblestone further

acknowledged this overlap when it agreed to the cross-use of documents and source code in the Cobblestone 1.0 and 2.0 cases. Resp. at 6. Thus, Cobblestone's argument that "different specific functionalities of the accused base stations and user equipment . . . will thus require different discovery" is without merit. Cobblestone's argument is just a distraction from the main focus of Rule 42(a), which is the promotion of judicial economy. An agreement to the cross-use of documents and the issues about specific functionality in discovery does nothing to lighten the burden of additional jury trials, additional *Markman* hearings, and additional pretrial conferences on the Court. *Immersion Corp.*, No. 2:17-cv-00572-JRG, Dkt. 61 (Order) (E.D. Tex. June 8, 2018). As explained in detail in Defendants' Motion, the Court is well-poised to use its discretion to consolidate these cases to prevent duplicative *Markman* hearings and pre-trial conferences. For example, the Court should reject Cobblestone's argument about the need to separately construe the '802 patent because it discounts the cost-savings of consolidation and ignores the lion's share of costs associated with conducting two *Markman* proceedings instead of one, including the duplication of the Court's time, the technical advisor's time, and the party resources needed for multiple expert declarations and multiple rounds of briefing. Moreover, without consolidation, Cobblestone completely ignores that any disputed terms of the '802 patent will also need to be construed in the Samsung case. It makes little sense for Cobblestone to seek to double (or triple) the burden on the Court and the parties to litigate identical issues.

*Fourth*, consolidating Cobblestone 1.0 into Cobblestone 2.0 will avoid unnecessary repetition and costs because Cobblestone 2.0 is scheduled directly behind the Samsung Case (*e.g.*, the Samsung Case has a May 5, 2025 trial date and Cobblestone 2.0 has a May 19, 2025 trial date). To be clear, Cobblestone is asserting the same patents against Samsung in both the Samsung case (where the allegations are made directly against Samsung) and the Cobblestone 1.0 and 2.0 cases

(where they are made against the Carriers that allegedly use Samsung equipment). Rather than addressing the increased efficiencies of resolving Cobblestone's infringement allegations against Samsung equipment first, Cobblestone merely argues that the factors considered on a motion to stay based on the customer suit exception are different than the standard for a motion to consolidate. Resp. at 6-7. However, the same guiding principles of efficiency and judicial economy apply for a motion to consolidate and the customer suit exception. *Spread Spectrum Screenings, LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011) ("[T]he guiding principles in the customer suit exception cases are efficiency and judicial economy.") *Cf. Dupont v. S. Pac. Co.*, 366 F.2d 193, 195-96 (5th Cir. 1966) ("[T]rial judges are urged to make good use of Rule 42(a)" to "expedite the trial and eliminate unnecessary repetition and confusion."). Cobblestone also ignores that the Samsung Case will necessarily have an impact on Cobblestone 1.0 and 2.0. Samsung products (e.g. Samsung handsets) are accused of infringing the Asserted Patents in the Samsung case for the sale of those products to the carriers, and those same products are accused of infringement in the Cobblestone 1.0 and 2.0 cases. Cobblestone cannot recover for infringement of the same exact product in both cases. *Tex. Advanced Optoelectronic Sols., Inc. v. Renesas Elecs. Am., Inc.*, 895 F.3d 1304, 1328 (Fed. Cir. 2018) ("[D]ouble recovery for the same injury is inappropriate.").

### B. Consolidation Will Not Prejudice Cobblestone.

*First*, the Cobblestone 1.0 cases and Cobblestone 2.0 cases are not at meaningfully "different stages of preparedness for trial[.]" *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 889, 990 (5th Cir. 1983). In the Cobblestone 1.0 Case, no substantial activity has occurred yet (the parties only just exchanged proposed claim terms on January 9 after this Motion was filed), no depositions are scheduled, and fact and expert discovery remain open for nearly four and five months, respectively. No substantial activity has taken place in the

4

Cobblestone 2.0 cases either. Thus, the circumstances are materially different from those in *Entropic Comm'cns, LLC v. Charter Commc'ns, Inc.*, which Cobblestone relies on extensively in its Response. Resp. at 8-10. No. 2:22-cv-00125-JRG, 2023 WL 5613185 (E.D. Tex. Aug. 29, 2023). In *Entropic*, consolidation was denied because the cases were "too far apart," and the first action was "nearing the end of expert discovery" while fact discovery was just opening in the second action. 2023 WL 5613185, at *6. The circumstances here are materially different, as no substantial activity has occurred in any case. Instead, the stages of the cases here are similar that in *Immersion Corp.,* where this Court ordered consolidation of two actions in which document production in the first action was proceeding, but no deposition had been scheduled, and only an answer to the Complaint was filed in the second action. No. 2:17-cv-00572-JRG, Dkt. 48 at 5-6 (Motion) (E.D. Tex. Apr. 27, 2018).

*Second*, any prejudice from delay is due to Cobblestone's own making. As explained in Defendants' Motion, Cobblestone sat on the '802 Patent *for months* before asserting it in Cobblestone 2.0. Thus, Cobblestone's statement that its "day in court" will be delayed has no merit. Resp. at 9.

*Third*, the only compromise that Cobblestone has offered is to move the Cobblestone 2.0 cases to place it on the Cobblestone 1.0 schedule. This proposal prejudices Defendants' ability to conduct a fulsome investigation of the '802 patent, as Cobblestone just served its infringement contentions mere weeks ago. Cobblestone thus seeks to hamstring Defendants because of its purposeful delay, which is fundamentally improper.

Defendants respectfully request that the Court consolidate Cobblestone 1.0 and Cobblestone 2.0 and adopt the Docket Control Order for Cobblestone 2.0.

Respectfully submitted: January 19, 2024

/s/ David S. Frist
David S. Frist
  David.Frist@alston.com
John Daniel Haynes
  John.Haynes@alston.com
Emily Welch
  Emily.Welch@alston.com
Michael Clayton Deane
  Michael.Deane@alston.com
Sloane Sueanne Kyrazis
  Sloane.Kyrazis@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, GA 30309
404-881-7000
Fax: 404-881-7777

Ross Ritter Barton
  Ross.Barton@alston.com
ALSTON & BIRD LLP
1120 South Tryon Street
Suite 300
Charlotte, NC 28203
704-444-1287
Fax: 704-444-1111

Theodore Stevenson, III
  Ted.Stevenson@alston.com
Adam Ahnhut
  Adam.ahnhut@alston.com
ALSTON & BIRD LLP
2200 Ross Ave
Suite 2300
Dallas, TX 75201
214-922-3507
Fax: 214-922-3899

*Attorneys for AT&T Services, Inc., AT&T Corp., AT&T Mobility LLC, T-Mobile USA, Inc., and Cellco Partnership d/b/a Verizon Wireless, Ericsson Inc. and Nokia of America Corporation*

**Deron Dacus**
ddacus@dacusfirm.com
**The Dacus Firm**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
903-705-1117
Fax: 903-581-2543

*Attorney* for *AT&T Services, Inc., AT&T Corp., AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless, Ericsson Inc. and Nokia of America Corporation*

**Melissa R. Smith**
melissa@gillamsmithlaw.com
**Tom Gorham**
tom@gillamsmithlaw.com
**Gillam & Smith LLP**
102 N. College, Suite 800
Tyler, TX 75702
903-934-8450
Fax: 903-934-9257

*Attorneys for T-Mobile USA, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing document has been served on January 19, 2024, on the counsel of record via electronic mail.

                                          */s/ David S. Frist*
                                          David S. Frist