# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>CELLCO PARTNERSHIP d/b/a VERISON WIRELESS<br><br>    Defendants,<br><br>ERICSSON INC., and NOKIA OF AMERICA CORPORATION<br><br>    Intervenors, | CASE No. 2:23-cv-00382-JRG-RSP (LEAD CASE)<br><br>**JURY TRIAL DEMANDED** |
| COBBLESTONE WIRELESS, LLC,<br><br>    Plaintiff,<br><br>AT&T MOBILITY LLC, AT&T SERVICES, INC., AND AT&T CORP.,<br><br>    Defendants,<br><br>ERICSSON INC., and NOKIA OF AMERICA CORPORATION<br><br>    Intervenors, | Case No. 2:23-cv-00380-JRG-RSP (Member Case) |
| COBBLESTONE WIRELESS, LLC,<br><br>    Plaintiff,<br> v.<br><br>T-MOBILE USA, INC.<br><br>    Defendant,<br><br>ERICSSON INC., and NOKIA OF AMERICA CORPORATION<br><br>    Intervenor | Case No. 2:23-cv-00381-JRG-RSP (Member Case) |

1

**PLAINTIFF COBBLESTONE WIRELESS, LLC'S RESPONSE TO INTERVENOR NOKIKA OF AMERICA CORPORATION'S COUNTERCLAIMS (T-MOBILE)**

Plaintiff Cobblestone Wireless, LLC ("Cobblestone" or "Plaintiff") hereby answers the Counterclaims of Intervenor Nokia of America Corporation ("Nokia" or "Intervenor"), as follows:

## THE PARTIES

1. Admit.

2. Admit.

## JURISDICTION AND VENUE

3. Admit that Intervenor's counterclaims arise under the patent laws of the United States and that Intervenor seeks certain declaratory relief. Deny that Intervenor is entitled to any such relief. Deny any other allegations in this paragraph.

4. Admit that Intervenor's counterclaims arise under the patent laws of the United States and that Defendant seeks certain declaratory relief. Deny that Intervenor is entitled to any such relief. Deny any other allegations in this paragraph.

5. Admit.

6. Admit that venue is proper in this district. Deny any other allegations in this paragraph.

7. Admit that there is a case or controversy between the parties concerning alleged infringement of the Patent-in-Suit. Deny any other allegations in this paragraph.

8. Admit that there is a case or controversy between the parties concerning alleged infringement of the Patent-in-Suit. Deny any other allegations in this paragraph.

## FIRST COUNTERCLAIM DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,924,802

9. Plaintiff realleges Paragraphs 1-8 as though fully set forth herein.

10. Admit that Plaintiff's allegations in its Complaint speak for themselves. Deny any other allegations in this paragraph.

11. Admit that Intervenor denies that any of Intervenor's equipment and technology infringes any valid claim of the '802 Patent. Deny any other allegations in this paragraph.

12. Deny.

13. Admit that Intervenor denies that any Intervenor's equipment and technology has infringed or infringes any valid claim of the '802 Patent. Deny any other allegations in this paragraph.

14. Admit that there is a case or controversy between the parties concerning alleged infringement of the '802 Patent. Deny any other allegations in this paragraph.

15. Deny.

16. Deny.

### SECOND COUNTERCLAIM – DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,924,802

17. Plaintiff realleges Paragraphs 1-16 as though fully set forth herein.

18. Deny.

19. Admit that there is a case or controversy between the parties concerning alleged validity of the '802 Patent. Deny any other allegations in this paragraph.

20. Deny.

### PRAYER FOR RELIEF

WHEREFORE, Cobblestone prays for the following relief with respect to Intervenor's counterclaims:

A. A judgment in favor of Plaintiff on all counterclaims asserted by Intervenor;

3

B. An adjudication that Intervenor is not entitled to any relief on its counterclaims, including, without limitation, any fine or damages; and

C. A dismissal with prejudice of Intervenor's counterclaims;

D. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Intervenor;

E. Plaintiff's costs of suit against Intervenor; and

F. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Cobblestone demands a trial by jury on all issues so triable.

Dated: January 26, 2024

Respectfully submitted,

*/s/ Reza Mirzaie*
Reza Mirzaie
CA State Bar No. 246953
Marc A. Fenster
CA State Bar No. 181067
Neil A. Rubin
CA State Bar No. 250761
Amy E. Hayden
CA State Bar 287026
Jacob R. Buczko
CA State Bar No. 312773
Peter Tong
TX State Bar No. 2419042
Matthew D. Aichele
VA State Bar No. 77821
Christian W. Conkle
CA State Bar No. 306374
Jonathan Ma
CA State Bar No. 312773
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025

4

                                            Telephone: 310-826-7474
Email: rmirzaie@raklaw.com
Email: mfenster@raklaw.com
Email: nrubin@raklaw.com
Email: ahayden@raklaw.com
Email: jbuczko@raklaw.com
Email: ptong@raklaw.com
Email: maichele@raklaw.com
Email: cconkle@raklaw.com
Email: jma@raklaw.com

## CERTIFICATE OF SERVICE

      The undersigned certifies that on January 26, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3)(A).

                                                            */s/ Reza Mirzaie*
                                                           Reza Mirzaie