# Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| IMMERSION CORPORATION<br><br>　　　Plaintiff,<br><br>V.<br><br>SAMSUNG ELECTRONICS AMERICA, INC., ET AL | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 2:17-cv-00572-JRG<br>LEAD CASE |
| SAMSUNG ELECTRONICS AMERICA, INC., ET AL<br><br>　　　Defendants. | §<br>§<br>§<br>§ | Case No. 2:18-cv-00055-JRG |

## ORDER

Before the Court is Defendants' Motion to Consolidate Cases for Pretrial Purposes, which was filed concurrently in the above-captioned cases. (Dkt. No. 48 in 2:17-cv-572, Dkt. No. 19 in 2:18-cv-55.) On June 5, 2018, the Court held a hearing on the above pending Motion. Having considered the Parties' arguments, the Court finds that the Motion should be and hereby is **GRANTED** to the extent that it seeks consolidation. The Court *sua sponte* **ORDERS** that the above-captioned case is to be **CONSOLIDATED** for all purposes—not just pre-trial purposes—with the LEAD CASE, Civil Action No. 2:17-cv-000572. The Court will enter one docket control order that will govern the entire consolidated case.

Under Rule 42(a), a district court has broad discretion to consolidate pending actions before it. Fed. R. Civ. P. 42(a); *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973). The Court finds here that complete consolidation will promote judicial efficiency and prevent unnecessary costs resulting from two separate yet duplicative *Markman* hearings and trials. Moreover, the second filed action only involves one patent that "cover[s] Samsung's use of haptic feedback technology

in mobile devices," which is the same language used to describe the patents asserted in the first filed action. (Dkt. No. 1 at ¶ 1.)

Accordingly, it is **ORDERED** that Civil Action Nos. 2:17-cv-572 and 2:18-cv-55 are consolidated.

Claim Construction Hearing is set for Tuesday, October 9, 2018, at 1:30 p.m.

Jury Selection is set for May 6, 2019, at 9:00 a.m.

The Parties shall submit a proposed Docket Control Order for the remaining dates in the schedule within fourteen (14) days of this Order. To the extent that a protective order, discovery order, and/or appointment of mediator has been entered in the lead case at the time new member cases are added to the consolidated action, they should control in all cases consolidated by the Court. All parties, however, are directed to meet and confer in order to determine whether any amendments to such documents are necessary. Proposed amendments to the protective order, discovery order, or appointment of a mediator, if any, shall be filed within fourteen (14) of this Order. Additionally, David Keyzer will remain the appointed technical advisor for the consolidated action.

The local rules' page limitations for *Markman* briefs and other motions will apply to the consolidated case. To further promote judicial economy and to conserve the parties' resources, the Court encourages the parties to file a notice with the Court in the event that there are other related cases currently pending on the Court's docket that may also be appropriate for consolidation with this case.

The Clerk is instructed to add the consolidated defendants into the Lead Case and their corresponding Lead and Local Counsel only. Additional counsel may file a Notice of Appearance in the Lead Case if they wish to continue as counsel of record in the lead consolidated action.

Counsel who has appeared *pro hac vice* in any member case may file a Notice of Appearance in the Lead Case without filing an additional application to appear *pro hac vice* in the Lead Case. Counsel who have not appeared in a member case at the point when it is consolidated into the Lead Case should file a Notice of Appearance only in the Lead Case, and such Notice should state the relevant member case.

**So ORDERED and SIGNED this 7th day of June, 2018.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE