**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC, *Plaintiff,* v. CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, *Defendant.* | Case No. 2:23-cv-00382-JRG-RSP **LEAD CASE** |
| COBBLESTONE WIRELESS, LLC, PLAINTIFF, v. AT&T SERVICES INC.; AT&T MOBILITY LLC; AT&T CORP., *Defendants.* | Case No. 2:23-cv-00380-JRG-RSP **MEMBER CASE** |
| COBBLESTONE WIRELESS, LLC, *Plaintiff,* v. T-MOBILE USA, INC., *Defendant.* | Case No. 2:22-cv-00381-JRG-RSP **MEMBER CASE** |

**UNOPPOSED MOTION TO CORRECT, OR IN THE ALTERNATIVE, ALTER/AMEND ORDER PURSUANT TO FRCP 60(a) OR FRCP 59(e)**

Plaintiff Cobblestone Wireless, LLC ("Plaintiff" or "Cobblestone"), respectively moves this Court to correct its October 18, 2024 Order of dismissal pursuant to Federal Rule of Civil Procedure 60(a), or alternatively to alter or amend the Order pursuant to Federal Rule of Civil Procedure 59(e), to align with the parties' intended relief as specified in Dkt No. 105. Defendants T-Mobile USA, Inc., AT&T Services Inc., AT&T Mobility LLC, AT&T Enterprises, LLC, and Cellco Partnership d/b/a ("Defendants"), and Intervenors Nokia of America Corporation and Ericsson Inc. ("Intervenors") do not oppose this motion.

I.   **BACKGROUND**

On October 8, 2024, the parties filed a Joint Motion to Dismiss pursuant to ▮▮▮▮▮▮▮▮▮▮▮▮ requesting dismissal of Plaintiff's claims for relief against Defendants with prejudice, except that the parties agreed that certain claims based on ▮▮▮▮▮▮▮▮▮▮▮▮ should be dismissed without prejudice. *See* Dkt. No. 105 at n.1. Additionally, Defendants and Intervenors' claims, defenses, or counterclaims for relief against Plaintiff should also be dismissed without prejudice. Dkt. No. 105. This request for relief was mirrored in the proposed order. *See id.* The Parties also submitted a similar Joint Motion to Dismiss and proposed order in a related set of consolidated cases, *Cobblestone Wireless, LLC v. T-Mobile USA, Inc.*, Case No. 2:22-cv-477-JRG-RSP (Lead) ("Carrier 1") at Dkt. No. 222 (Oct. 8, 2024).

In its October 18, 2024 Order, the Court dismissed with prejudice "all claims and causes of action asserted by Plaintiff against Defendants," without specifying the intended dismissal without prejudice for claims concerning ▮▮▮▮▮▮▮▮▮▮▮▮ or for Defendants' and Intervenors' claims, defenses, or counterclaims. Dkt No. 107. In contrast, in the related Carrier 1 case, the Court's order reflected the parties' requested relief by dismissing claims with prejudice, except for those related to ▮▮▮▮▮▮▮▮▮▮▮▮ and Defendants' and Intervenors' claims,

defenses, or counterclaims, which were dismissed without prejudice. *See Carrier 1* at Dkt. No. 224 (Oct. 18, 2024).

## II. DISCUSSION

Federal Rule of Civil Procedure 60(a) permits correction of "clerical mistake[s] or a mistake arising from oversight or omission" in orders. The inconsistency in the Court's October 18, 2024 Order, which dismissed all claims with prejudice rather than without prejudice for claims related to ▮▮▮▮▮▮ and Defendants and Intervenors' claims, defenses or counterclaims, appears to be a clerical error or oversight. The fact that the Court's order in the Carrier 1 case provided the precise relief sought further underscores this oversight. Accordingly, Cobblestone requests that this Court correct the October 18, 2024 Order to conform to the relief agreed upon by the Parties.

If the Court does not view this as a clerical error, Cobblestone alternatively seeks relief under Federal Rule of Civil Procedure 59(e) to alter or amend the October 18, 2024 Order. This amendment would ensure the Order reflects the parties' request, which is pursuant to ▮▮▮▮▮▮, that claims related to ▮▮▮▮▮▮ and Defendants' and Intervenors' claims, defenses, or counterclaims be dismissed ***without*** prejudice.

## III. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court correct its October 18, 2024 Order of dismissal pursuant to Fed. R. Civ. P. 60(a), or, alternatively, alter or amend the Order pursuant to Fed. R. Civ. P. 59(e) to align with the relief sought by the parties as outlined in Docket No. 105, including dismissal without prejudice certain claims related to ▮▮▮▮▮▮ and Defendants' and Intervenors' claims, defenses, or counterclaims.

Dated: November 15, 2024                                  Respectfully submitted,

*/s/ Reza Mirzaie*
Reza Mirzaie
CA State Bar No. 246953
Marc A. Fenster
CA State Bar No. 181067
Neil A. Rubin
CA State Bar No. 250761
Amy E. Hayden
CA State Bar No. 287026
Christian W. Conkle
CA State Bar No. 306374
Jonathan Ma
CA State Bar No. 312773
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
Telephone: 310-826-7474
Email: rmirzaie@raklaw.com
Email: mfenster@raklaw.com
Email: nrubin@raklaw.com
Email: ahayden@raklaw.com
Email: cconkle@raklaw.com
Email: jma@raklaw.com

**ATTORNEYS FOR PLAINTIFF,
COBBLESTONE WIRELESS, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served November 15, 2024, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail on this same date.

*/s/ Reza Mirzaie*

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that counsel complied with the requirements of Eastern District of Texas Local Rule CV-7(h). On October 23, 2024, Plaintiff requested Defendants/Intervenors' position on the Motion. On October 25, 2024, counsel for Defendants/Intervenors advised that they do not oppose the Motion.

*/s/ Reza Mirzaie*